IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE, | | |
| Plaintiff(s), | | No.    2:18-cv-01034 |
| vs. | | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | | **NOTICE OF REMOVAL** |
| Defendant. | | |

Pursuant to 28 U.S.C. § 1441(a) and Local Rule 81, Defendant The Lincoln National Life Insurance Company ('Lincoln") hereby removes Plaintiff's Original Petition filed by Plaintiff in the District Court, Fayette County, Iowa, as this Court would have had original jurisdiction pursuant to 28 U.S.C. § 1331, in that this action involves claims that relate to the laws of the United States.  In support of its Notice of Removal, Lincoln states follows:

1.     On July 19, 2018, Plaintiff filed a First Amended Petition at Law (the "Petition") in an action entitled *Vanessa Lee, Individually as Executor of the John Lee Estate v. The Lincoln National Life Insurance Company,* in the District Court, Fayette County, Iowa; Cause No. CVCV055206 (the "State Action").

2.     True and correct copies of the Petition, and any other pleadings or orders on file in the State Action, are attached to Defendant's Appendix filed herewith.

3.     Lincoln is the only defendant named in this action and was served with process in the State Action on August 1, 2018, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Lincoln has not served any answer or responsive pleading to the Petition, nor made any appearance or argument before the State Court.

5. This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiffs assert claims for benefits allegedly due under a group life insurance policy ("Policy") issued by Lincoln to Ashley Industrial Moldings, Inc. ("Ashley"). Lincoln issued the Policy pursuant to the Ashley Industrial Moldings, Inc. Life Benefit Plan ("Plan"), which provides certain benefits to employees of Ashley. (Id.). A copy of the Policy is attached to the Petition. (*See* App. 013-037). The Plan, of which the Policy is a part, is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. By the State Action, Plaintiff is seeking to recover life benefits (along with other damages) from the plan, in which her spouse was a participant by virtue of his employment with Ashley. (Petition at ¶¶ 3-8). The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and the action for benefits under the plan is governed by

ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

7. This action is also removed to this Court pursuant to 28 U.S.C. § 1332, as this action involves claims between citizens of different states. Specifically, Plaintiff is a resident of Iowa (Petition at ¶ 1), and the sole defendant named in this action is incorporated in Indiana and has its principal place of business in Pennsylvania. See 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and the state of its principal place of business). Additionally, Plaintiff seeks actual damages, attorneys' fees, and penalties exceeding more than $75,000. (Petition at ¶ 24). Accordingly, removal to this Court is also proper pursuant to 28 U.S.C. § 1441(b) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

8. This Notice is filed with this Court within thirty (30) days of Lincoln's receipt of copies of the Summons and Petition in the State Action.

9. Lincoln submits this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted.

10. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

11. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action, advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

12. Concurrent with the filing of this Notice of Removal, Lincoln has filed a Notice of Filing of Notice of Removal with the Court in the State Action (App. 042-043).

Dated: August 30, 2018          **LEDERER WESTON CRAIG PLC**

By:     /s/ Brenda K. Wallrichs
           Brenda K. Wallrichs  AT0008203
           118 Third Avenue SE, Suite 700
           P. O. Box 1927
           Cedar Rapids, IA  52406-1927
           Phone:  (319) 365-1184
           Fax:  (319) 365-1186
           E-mail:  bwallrichs@lwclawyers.com

           ATTORNEYS FOR DEFENDANT

**4**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies, under the penalty of perjury that on the date indicated below, a true and correct copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause by enclosing the same in an envelope addressed to each party at each party's respective address by U.S. mail.  The parties in interest referred to above are:

**Counsel for Plaintiff:**
Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
PH:  (319) 283-3204
Email:  lfwoods@trxinc.com


/s/ Brenda K. Wallrichs