IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE,<br><br>    Plaintiff(s),<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. 2:18-cv-01034<br><br><br>**APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL** |

_____

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), attaches the

following documents from the Fayette County, Iowa District Court Case No. CVCV055206 in

support of its Notice of Removal:

| **Document** | | **App No.** |
|---|---|---|
| 07/17/2018 | Original Petition at Law | 001-006 |
| 07/19/2018 | First Amended Petition at Law | 007-012 |
| | Attachment to Amended Petition (Policy) | 013-037 |
| 07/26/2018 | Original Notice For First Amended Petition at Law | 038 |
| 07/27/2018 | Original Notice For First Amended Petition at Law | 039-040 |
| 08/23/2018 | Acceptance of Service | 041 |
| 08/30/2018 | Notice to State Court of Defendant's Removal to Federal Court | 042-043 |

Dated: August 30, 2018  **LEDERER WESTON CRAIG PLC**

By:     /s/ Brenda K. Wallrichs              
Brenda K. Wallrichs  AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA  52406-1927
Phone:  (319) 365-1184
Fax:  (319) 365-1186
E-mail:  bwallrichs@lwclawyers.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under the penalty of perjury that on the date indicated below, a true and correct copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause by enclosing the same in an envelope addressed to each party at each party's respective address by U.S. mail.  The parties in interest referred to above are:

**Counsel for Plaintiff:**
Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
PH:  (319) 283-3204
Email:  lfwoods@trxinc.com

/s/ Brenda K. Wallrichs           

2

IN THE DISTRICT COURT OF IOWA, IN AND FOR FAYETTE COUNTY

```
------------------------------------------------------------
VANESSA LEE, Individually      )
as Executor of the JOHN        )      CASE NO. _____
LEE ESTATE                     )
          Plaintiff,           )
v.                             )
                               )
                               )      PETITION AT LAW
THE LINCOLN NATIONAL MUTUAL    )
INSURANCE COMPANY,             )
          Defendant.           )
------------------------------------------------------------
```

## COUNT I - BREACH OF CONTRACT

COMES NOW the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, and for a cause of action against the Defendant, The Lincoln Life National Insurance Company and states to the Court as follows:

1. That the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, is a resident of Quasqueton, Buchanan County, Iowa.

2. That at all times relevant hereto, the Defendant, The Lincoln Life National Insurance Company was an insurance corporation, authorized to and doing business in the State of Iowa.

3. The Defendant, The Lincoln Life National Insurance Company sold an Accidental Death Policy to Ashley Industrial Molding, Inc., to be provided to said Ashley's employees, as a benefit of said employees employment package.

App. 001

4.  That John Lee was an employee of Ashley Industrial Molding, Inc., at all time relevant hereto, including up to the time of his death

5.  That said policy issued by The Lincoln Life National Insurance Company for Accidental Death was in force and effect while John Lee was in the employment of the Ashley Industrial Molding, Inc.

6.  That John Lee was paying premiums for life insurance coverage by The Lincoln Life National Insurance Company in case of his accidental death.

7.  That the Plaintiff, Vanessa Lee, Individually, was a named beneficiary of the Accidental Death Policy issued by DEF, to Ashley Industrial Molding, Inc., of which John Lee was an employee.

8.  The Plaintiff Vanessa Lee, as the Executor of the John Lee Estate, also makes claim on behalf of said John Lee Estate.

9. That on or about the 12th day of July, 2015, John Lee was riding his ATV on private property near Quasqueton, Buchanan County, Iowa.

10.  That on said date, John Lee's daughter, Jessica Matthews, went looking for him, when he did not return for dinner.

App. 002

11. That when Jessica Matthews found John Lee, he was lying on the ground next to the ATV, and was unconscious.

12. John Lee was taken by his daughter back to the campsite, and later he taken to his home. After being home a short time, John Lee was then transferred to the Buchanan County Health Center or hospital.

13. After examination at the Buchanan County Health Care hospital, John Lee was transfer to the University of Iowa Hospitals and Clinics.

14. As a result of the injuries John Lee sustained when he fell, John Lee died on the 19th day of July, 2018, at the University of Iowa Hospitals and Clinics.

15. The death of John Lee on July 19, 2018, was an accidental death.

16. As a result of the death of John Lee on July 19, 2018, Vanessa Lee, as an Individual and as Executor of the John Lee Estate, she made a claim for benefits under an Insurance Policy issued by the Defendant, The Lincoln Life National Insurance Company.

17. A copy of the insurance policy issued by the Defendant, The Lincoln Life National Insurance Company is attached hereto, marked Exhibit A and made a part of this Petition by this reference as though fully set forth hereat

App. 003

word for word.

18.    That  the  Defendant, The  Lincoln  Life  National Insurance  Company has denied paying the benefits  under  the insurance  policy to Vanessa Lee, both as and Individual  and as Executor of the John Lee Estate.

19.    The Defendant, The Lincoln Life National Insurance Company has breached the contract,  that is attached  hereto, marked Exhibit A,  by failing to pay the benefits due to  the Plaintiff, Vanessa Lee in here appropriate capacity.

20.    As  a  result of the Defendant,  The  Lincoln  Life National  Insurance  Company breaching the  contract,  the Plaintiff, Vanessa Lee has sustained injuries and damages.

21.    The  Plaintiff,  Vanessa Lee damages are  the  face value of the policy that should have been paid.  Said  amount is $100,000.

22.    The Plaintiff, Vanessa Lee has also been damaged by the  loss of the use of the money since the date of death  of John Lee.

23.    That the Plaintiff,  Vanessa Lee,  is  entitled  to damages  in amount fair and reasonable to compensate her  for the  injuries she has sustained,  for prefiling interest  at the statutory contract rate for breach of contract, and for

App. 004

interest on the judgment as provided for by law. The amount of injuries and damages sustained by the Plaintiff, Vanessa Lee, is in excess of $10,000.

24. That the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate demands judgment against the Defendant, The Lincoln Life National Insurance Company for the injuries Plaintiff sustained as a result of the named Defendant breaching the Accidental Death Insurance Policy.

WHEREFORE, the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate demands Judgment against the Defendant, The Lincoln Life National Insurance Company for the damages she has sustained as a result of the Defendant's Breach of Contract.

IT IS FURTHER PRAYED that the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, has for judgment against the Defendant, The Lincoln Life National Insurance Company, in an amount reasonable and fair to compensate the Plaintiff for the injuries sustained by the Plaintiff, for interest thereon as provided by statute and for the costs of this action.

App. 005

Respectfully submitted,

Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
lfwoods@trxinc.com
Ph. 319-283-3204
ATTORNEY FOR THE PLAINTIFF,
VANESSA LEE, Individually and
as the Executor of the
JOHN LEE ESTATE

Original filed by EDMS with the Fayette Clerk of Court

IN THE DISTRICT COURT OF IOWA, IN AND FOR FAYETTE COUNTY

---

| | |
|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE<br>Plaintiff,<br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | CASE NO. CVCV055206<br><br>**FIRST AMENDED**<br>**PETITION AT LAW** |

---

### COUNT I - BREACH OF CONTRACT

COMES NOW the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, and for a cause of action against the Defendant, The Lincoln National Life Insurance Company and states to the Court as follows:

1. That the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, is a resident of Quasqueton, Buchanan County, Iowa.

2. That at all times relevant hereto, the Defendant, The Lincoln National Life Insurance Company was an insurance corporation, authorized to and doing business in the State of Iowa.

3. The Defendant, The Lincoln National Life Insurance Company sold an Accidental Death Policy to Ashley Industrial Moldings, Inc., to be provided to said Ashley's employees, as a benefit of said employees employment package.

Case 6:18-cv-02063-CJW-MAR    Document 1-2    Filed 08/30/18    Page 9 of 45

4. That John Lee was an employee of Ashley Industrial Moldings, Inc., at all time relevant hereto, including up to the time of his death

5. That said policy issued by The Lincoln National Life Insurance Company for Accidental Death was in force and effect while John Lee was in the employment of the Ashley Industrial Moldings, Inc.

6. That John Lee was paying premiums for life insurance coverage by The Lincoln National Life Insurance Company in case of his accidental death.

7. That the Plaintiff, Vanessa Lee, Individually, was a named beneficiary of the Accidental Death Policy issued by The Lincoln National Life Insurance Company , to Ashley Industrial Moldings, Inc., of which John Lee was an employee.

8. The Plaintiff Vanessa Lee, as the Executor of the John Lee Estate, also makes claim on behalf of said John Lee Estate.

9. That on or about the 12th day of July, 2015, John Lee was riding his ATV on private property near Quasqueton, Buchanan County, Iowa.

10. That on said date, John Lee's daughter, Jessica Matthews, went looking for him, when he did not return for dinner.

App. 008

11. That when Jessica Matthews found John Lee, he was lying on the ground next to the ATV, and was unconscious.

12. John Lee was taken by his daughter back to the campsite, and later he was taken to his home. After being home a short time, John Lee was then transferred to the Buchanan County Health Center or hospital.

13. After examination at the Buchanan County Health Care hospital, John Lee was transferred to the University of Iowa Hospitals and Clinics.

14. As a result of the injuries John Lee sustained when he fell, John Lee died on the 19th day of July, 2015, at the University of Iowa Hospitals and Clinics.

15. The death of John Lee on July 19, 2015, was an accidental death.

16. As a result of the death of John Lee on July 19, 2015, Vanessa Lee, as an Individual and as Executor of the John Lee Estate, she made a claim for benefits under an Insurance Policy issued by the Defendant, The Lincoln National Life Insurance Company .

17. A copy of the insurance policy issued by the Defendant, The Lincoln National Life Insurance Company is attached hereto, marked Exhibit A and made a part of this Petition by this reference as though fully set forth hereat

word for word.

18. The Defendant, The Lincoln National Life Insurance Company , sold the policy to and/or through Ashley Industrial Moldings, Inc., located in Oelwein, Fayette County, Iowa.

19. The deceased, John Lee, worked at the Ashley Industrial Moldings, Inc., factory in Oelwein, Fayette County, Iowa, at all time relevant hereto.

20. That the Defendant, The Lincoln National Life Insurance Company has denied paying the benefits under the insurance policy to Vanessa Lee, both as and Individual and as Executor of the John Lee Estate.

21. None of the exceptions contained the policy are applicable to the cause of death of John Lee.

22. The Defendant, The Lincoln National Life Insurance Company has breached the contract, that is attached hereto, marked Exhibit A, by failing to pay the benefits due to the Plaintiff, Vanessa Lee in here appropriate capacity.

23. As a result of the Defendant, The Lincoln National Life Insurance Company breaching the contract, the Plaintiff, Vanessa Lee has sustained injuries and damages.

24. The Plaintiff, Vanessa Lee damages are the face value of the policy that should have been paid. Said amount is $100,000.

25. The Plaintiff, Vanessa Lee has also been damaged by the loss of the use of the money since the date of death of John Lee.

26. That the Plaintiff, Vanessa Lee, is entitled to damages in amount fair and reasonable to compensate her for the injuries she has sustained, for prefiling interest at the statutory contract rate for breach of contract, and for interest on the judgment as provided for by law. The amount of injuries and damages sustained by the Plaintiff, Vanessa Lee, is in excess of $10,000.

27. That the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate demands judgment against the Defendant, The Lincoln National Life Insurance Company for the injuries Plaintiff sustained as a result of the named Defendant breaching the Accidental Death Insurance Policy.

WHEREFORE, the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate demands Judgment against the Defendant, The Lincoln National Life Insurance Company for the damages she has sustained as a result of the Defendant's Breach of Contract.

IT IS FURTHER PRAYED that the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, have for judgment against the Defendant, The Lincoln National Life

App. 011

Insurance Company, in an amount reasonable and fair to compensate the Plaintiff for the injuries sustained by the Plaintiff, for interest thereon as provided by statute and for the costs of this action. The fair and reasonable amount is in excess of $10,000.

Respectfully submitted,

Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
lfwoods@trxinc.com
Ph. 319-283-3204
ATTORNEY FOR THE PLAINTIFF,
VANESSA LEE, Individually and
as the Executor of the
JOHN LEE ESTATE

Original filed by EDMS with the Fayette Clerk of Court

App. 012

# The Lincoln National Life Insurance Company

A Stock Company    Home Office Location: Fort Wayne, Indiana
Group Insurance Service Office:  8801 Indian Hills Drive, Omaha, NE 68114-4066 (402) 361-7300

CERTIFIES THAT Group Policy No.        GL 000010132080        has been issued to
Ashley Industrial Moldings, Inc.
(The Group Policyholder)

The Issue Date of the Policy is January 1, 2011.

The insurance is effective only if the Employee is eligible for insurance and becomes and remains insured as provided in the Group Policy.

Certificate of Insurance for Class 1

{INSURED}
{Schedule of Insurance}
        {Coverage}                                                    {Insurance Amount}
    {BENEFIT_1}
    {BENEFIT_2}
    {BENEFIT_3}
    {BENEFIT_4}
    {BENEFIT_5}
    {BENEFIT_6}
    {BENEFIT_7}
    {BENEFIT_8}
    {BENEFIT_9}
    {BENEFIT_10}

You are entitled to the benefits described in this Certificate if you are eligible for insurance under the provisions of the Policy. This Certificate replaces any other certificates for the benefits described inside. As a Certificate of Insurance, it is not a contract of insurance; it only summarizes the provisions of the Policy and is subject to the Policy's terms.

*Dennis R Glass*
President

EXHIBIT F\

## CERTIFICATE OF GROUP LIFE INSURANCE

GL1102 FACE PAGE

{LFGLOGO}          {USER}          {CERT_ID}          01/01/14

App. 013

Ashley Industrial Moldings, Inc.
000010132080

## SCHEDULE OF INSURANCE

### CLASS 1

All Full-Time Salaried Employees

WAITING PERIOD:    90 days of continuous Active Work  (For date insurance begins, refer to "Effective Dates of Coverages" section)

MINIMUM HOURS:     32 hours per week

### LIFE AND AD&D INSURANCE

| Amount of Personal Life Insurance | AD&D Insurance Principal Sum |
|---|---|
| One times Basic Annual Earnings, rounded to the next higher $1,000; subject to a minimum of $10,000 and a maximum of $200,000 | Two times Basic Annual Earnings, rounded to the next higher $1,000; subject to a minimum of $10,000 and a maximum of $200,000 |

Personal Life and AD&D Insurance will be reduced as follows:
- At age 65, benefits will reduce by 33% of the original amount:
- At age 70, benefits will reduce an additional 22% of the original amount.
Benefits will terminate when you retire.

If you first enroll for Personal Life and AD&D Insurance at age 65 or older, the above age reductions will apply to:
- Any Guarantee Issue Amount available without evidence of insurability; and
- The maximum amount of insurance for which you are eligible.

(Effective July 1, 2011) Basic Annual Earnings means your annual base salary or annualized hourly pay from the Employer before taxes on the Determination Date. The "Determination Date" is the last day worked just prior to the loss.

It does not include commissions, bonuses, overtime pay, or any other extra compensation. It does not include income from a source other than the Employer. It will not exceed the amount shown in the Employer's financial records or the amount for which premium has been paid; whichever is less.

GL1102-SB

01/01/14

## TABLE OF CONTENTS

Amount of Insurance ................................................................................ 3

Definitions ............................................................................................ 3

Eligibility .............................................................................................. 4

Effective Dates of Coverages .................................................................. 4

Termination of Coverage ........................................................................ 4

Death Benefit ........................................................................................ 5

Beneficiary ............................................................................................ 5

Assignments .......................................................................................... 6

Extension of Death Benefit ..................................................................... 7

Accelerated Death Benefit ...................................................................... 8

Conversion Privilege ............................................................................ 10

Accidental Death and Dismemberment Insurance ................................... 11

Safe Driver Benefit .............................................................................. 13

Claims Procedures for Life or Accidental Death and Dismemberment Benefits ....... 14

Notice ................................................................................................. 17

Prior Insurance Credit Provision ........................................................... 19

GL1102-TOC

2

01/01/14

App. 015

## AMOUNT OF INSURANCE

The amount of your insurance is determined by the Schedule of Insurance in the Policy. The initial amount of coverage is the amount which applies to your class on the day your coverage takes effect. You may become eligible for increases in the amount of insurance in accord with the Schedule of Insurance. Any such increase will take effect on the latest of:

(1) the first of the Insurance Month which coincides with or follows the date on which you become eligible for the increase; provided you are Actively at Work on that day;
(2) the day you resume Active Work, if you are not Actively at Work on the day the increase would otherwise take effect; or
(3) the day any required evidence of insurability is approved by the Company.

Any decrease will take effect on the day of the change; whether or not you are Actively at Work.

## DEFINITIONS

ACTIVE WORK or ACTIVELY AT WORK means an employee's full-time performance of all customary duties of his or her occupation at:

(1) the EMPLOYER'S place of business; or
(2) any other business location where the employee is required to travel.

Unless disabled on the prior workday or on the day of absence, an employee will be considered Actively at Work on the following days:

(1) a Saturday, Sunday or holiday which is not a scheduled workday;
(2) a paid vacation day, or other scheduled or unscheduled non-workday; or
(3) an excused or emergency leave of absence (except a medical leave).

COMPANY means The Lincoln National Life Insurance Company, an Indiana corporation; whose Group Insurance Service Office address is 8801 Indian Hills Drive, Omaha, Nebraska 68114-4066.

DAY or DATE means at 12:01 A.M., Standard Time, at the Group Policyholder's place of business; when used with regard to eligibility dates and effective dates. It means 12:00 midnight, Standard Time, at the same place; when used with regard to termination dates.

EMPLOYER means the Group Policyholder or the Participating Employer named on the Face Page.

FULL-TIME EMPLOYEE means an employee of the EMPLOYER:

(1) whose employment with the EMPLOYER is the employee's principal occupation;
(2) who is not a temporary or seasonal employee; and
(3) who is regularly scheduled to work at such occupation at least the number of hours as shown in the Schedule of Insurance.

INSURANCE MONTH means:

(1) that period of time beginning on the Issue Date of the Policy and extending for one month; and
(2) each subsequent month beginning on the same day after that.

PERSONAL INSURANCE means the insurance provided by the Policy on Insured Persons.

PHYSICIAN means a licensed practitioner of the healing arts other than the Insured Person or a relative of the Insured Person.

POLICY means the Group Insurance Policy issued by the Company to the Group Policyholder. A copy of the Policy may be examined upon request at the Group Insurance Service Office of the Group Policyholder.

GL1102-1 91

3

(REV)
01/01/14

App. 016

## ELIGIBILITY

If you are a Full-Time Employee and a member of an employee class shown in the Schedule of Insurance; then you will become eligible for the coverage provided by the Policy on the later of:

    (1)   the Policy's date of issue; or
    (2)   the day you complete the Waiting Period.

WAITING PERIOD. (See Schedule of Insurance).

## EFFECTIVE DATES OF COVERAGES

Your insurance is effective on the latest of:

    (1)   the day you become eligible for the coverage;
    (2)   the day you resume Active Work, if you are not Actively at Work on the day you become eligible;
    (3)   the day you make written application for coverage; and sign:
        (a)   a payroll deduction order, if you pay any part of the premium; or
        (b)   an order to pay premiums from your Section 125 Plan account, if Employer contributions are paid through a Section 125 Plan; or
    (4)   the day the Company approves your coverage, if evidence of insurability is required.

Evidence of insurability is required if:

    (1)   you apply for coverage more than 31 days after you become eligible; or
    (2)   you make written application to re-enroll for coverage after you have requested:
        (a)   to cancel your coverage;
        (b)   to stop payroll deductions for the coverage; or
        (c)   to stop premium payments from your Section 125 Plan account.

EXCEPTION. If your coverage terminates due to an approved leave of absence or a military leave, any Waiting Period or evidence of insurability requirement will be waived upon your return; provided:

    (1)   you return within six months after the leave begins;
    (2)   you apply or are enrolled within 31 days after resuming Active Work; and
    (3)   the reinstated amount of insurance does not exceed the amount which terminated.

## TERMINATION OF COVERAGE

Your coverage terminates on the earliest of:

    (1)   the day the Policy terminates;
    (2)   the last day of the Insurance Month in which you request termination;
    (3)   the last day of the period for which the premium for your insurance has been paid;
    (4)   the day you cease to be a member of an employee class shown in the Schedule of Insurance;
    (5)   with respect to any particular insurance benefit, the day the part of the Policy providing that benefit terminates;
    (6)   the day your employment with the Employer terminates; or
    (7)   the day you enter the armed services of any state or country on active duty; except for duty of 30 days or less for training in the Reserves or National Guard. (If you send proof of military service, the Company will refund any unearned premium.)

Ceasing Active Work terminates your eligibility. However, it may be possible to continue all or part of your insurance during a temporary layoff, leave of absence or military leave; or while you are unable to work due to sickness or injury. The conditions concerning such a continuance may be found in the Policy. See your Employer for this information.

GL1102-2 93

4

(FMLA)
01/01/14

App. 017

## DEATH BENEFIT

Upon receipt of satisfactory proof of your death, the Company will pay a death benefit equal to the amount of Personal Life Insurance in effect on the date of your death. The benefit will be paid in accord with the Beneficiary section. Arrangements may be made to have this death benefit paid in installments.

## BENEFICIARY

Your Beneficiary is the person or persons named on your enrollment card. The Beneficiary may be changed in accord with the terms of the Policy. If you have not named a Beneficiary, or if no named Beneficiary is living when you die; then the death benefit will be paid to your:

(1)    surviving spouse; or, if none

(2)    surviving child or children in equal shares; or, if none

(3)    surviving parent or parents in equal shares; or, if none

(4)    surviving brothers and sisters in equal shares; or, if none

(5)    estate, or in accord with the Facility of Payment section of the Policy.

GL1102-3.0A 96

5

Pref. Bene.-No Ext.
01/01/14

App. 018

## ASSIGNMENTS

Personal Life Insurance and Accidental Death Insurance may be assigned. The assignments allowed under the Policy are absolute assignments and funeral assignments as described below.

No assignment will be binding on the Company unless and until:
  (1)   it is made on a form furnished by the Company;
  (2)   the original is completed and filed with the Company at its Group Insurance Service Office; and
  (3)   it is approved by the Company.
The Company and the Employer do not assume responsibility for the validity or effect of an assignment.

ABSOLUTE ASSIGNMENTS. You may make an irrevocable assignment of your Personal Life Insurance and Accidental Death Insurance as a gift (with no consideration), providing you have the legal capacity and the mental capacity to do so. It may be made to a trust or to one or more of your relatives, their estates, or to a trustee of a trust under which one of the relatives is a beneficiary.

The term "relatives" includes, but is not limited to, your spouse, parents, grandparents, aunts, uncles, siblings, children, adopted children, stepchildren, and grandchildren.

In some states, community property is an established form of ownership that must be considered in making an assignment. If you make an absolute assignment to two or more assignees, such assignees will be joint owners with the right of survivorship between them. You should consult with your own legal advisor before making an assignment.

Once the assignment has been recorded by the Company, you can no longer change the beneficiary and cannot apply for conversion. Only the assignee can change the beneficiary designation if the previous designation is revocable. An assignment will have no effect on a prior irrevocable beneficiary designation. Only the assignee can apply for conversion but only when the Conversion Privilege provision would have been available to you in the absence of the assignment under the Policy.

An absolute assignment cannot be used as a collateral assignment.

FUNERAL ASSIGNMENTS. Upon your death, the beneficiary may assign the Personal Life Insurance benefit and Accidental Death Insurance benefit to a funeral home for payment of burial expenses. After payment has been made for the burial expenses to the assigned funeral home, the remaining death benefit is then paid in accord with the Beneficiary and Settlement Options sections of the Policy.

GL1102-3.0C 01

6

01/01/14

App. 019

## EXTENSION OF DEATH BENEFIT IF YOU BECOME TOTALLY DISABLED

Your life insurance will be continued, **without payment of premiums**, if:
(1) you become Totally Disabled while insured and before reaching age 60;
(2) you remain Totally Disabled for at least 6 months in a row; and
(3) you submit satisfactory proof within the 7th through 12th months of disability; or:
    (a) as soon as reasonably possible after that; but
    (b) not later than the 24th month of disability, unless you were legally incapacitated.

PREMIUM PAYMENT. Premium payments must continue until you are approved for this benefit, or the Policy terminates, if earlier. Upon receipt of satisfactory proof, the Company will refund up to 12 months' premium paid for your life insurance, from your 1st day of Total Disability.

DEFINITION. For this benefit, Total Disability or Totally Disabled means you:
(1) are unable, due to sickness or injury, to engage in any employment or occupation for which you are or become qualified by reason of education, training, or experience; and
(2) are not engaging in any gainful employment or occupation.

AMOUNT CONTINUED. The amount of Personal Life Insurance and any Dependent Life Insurance continued will be subject to the reductions and terminations in effect under the Policy on the day your Total Disability begins. Any Accidental Death and Dismemberment Benefit will not be continued.

ADDITIONAL PROOF. From time to time, you must submit proof that your Total Disability is continuing. Proof will be at your expense; unless the Company requests to have you examined by a Physician of its choice. If you die after submitting proof, further proof must be submitted to the Company showing that you remained continuously and Totally Disabled until death. If you die within 12 months after Total Disability begins, but before submitting proof; then your death benefit will still be paid under the terms of the Policy. But the Company must first receive satisfactory proof of your continuous Total Disability, from your last day of Active Work until your date of death.

TERMINATION. Any life insurance continued under this section will terminate automatically on:
(1) the day you cease to be Totally Disabled;
(2) the day you fail to take a required medical examination;
(3) the 60th day after the Company mails a request for additional proof, if it is not given;
(4) the effective date of your individual conversion policy, with respect to any amount of life insurance converted in accord with the Conversion Privilege section; or
(5) the day you reach Social Security Normal Retirement Age (SSNRA), as shown in the Schedule of Insurance (whichever occurs first).

If your Total Disability ends, and you **do not return** to a class eligible for Policy coverage; then you may exercise the Conversion Privilege. If your Total Disability ends, and you **do return** to an eligible class; then your Policy coverage will resume when premium payments are resumed, and any conversion policy is surrendered as provided in the Policy.

GL1102-3.1 97

7

Ext. to SSNRA
01/01/14

App. 020

## ACCELERATED DEATH BENEFIT

BENEFIT. The Accelerated Death Benefit is an advance payment of part of your Personal Life Insurance. It may be paid to you, in a lump sum, once during your lifetime.

To qualify, you must:
  (1)  have satisfied the Active Work requirement under the Policy;
  (2)  have been insured under the Policy:
    (a)  on the date of an injury which results in a Terminal condition; or
    (b)  for 30 days before being diagnosed Terminal as a result of sickness; and
  (3)  have at least $2,000 of Personal Life Insurance under the Policy on the day before the Accelerated Death Benefit is paid.

Receiving the Accelerated Death Benefit will reduce the Remaining Life Insurance and the Death Benefit payable at death, as shown on the next page.

"Claimant," as used in this section, means the Terminal Insured Person for whom the Accelerated Death Benefit is requested.

"Terminal" means you have a medical condition which is expected to result in death within 12 months, despite appropriate medical treatment.

APPLYING FOR THE BENEFIT.   To withdraw the Accelerated Death Benefit, you (or your legal representative) must send the Company:
  (1)  written election of the Accelerated Death Benefit, on forms supplied by the Company; and
  (2)  satisfactory proof that the Claimant is Terminal, including a Physician's written statement.

The Company reserves the right to decide whether such proof is satisfactory.

Before paying an Accelerated Death Benefit, the Company must also receive the written consent of any irrevocable beneficiary, assignee or bankruptcy court with an interest in the benefit. (See Limitations 3, 4, and 5.)

**NOTE:   THIS IS NOT A LONG-TERM CARE POLICY.   RECEIVING THIS ACCELERATED DEATH BENEFIT WILL REDUCE THE BENEFIT PAYABLE AT DEATH.   ANY AMOUNT WITHDRAWN MAY BE TAXABLE INCOME, SO YOU SHOULD CONSULT A TAX ADVISOR BEFORE APPLYING FOR THIS BENEFIT.**

AMOUNT OF THE BENEFIT.   You may elect to withdraw an Accelerated Death Benefit in any $1,000 increment; subject to:
  (1)  a minimum of $1,000 or 10% of the Claimant's amount of Life Insurance (whichever is greater); and
  (2)  a maximum of $250,000 or 75% of the Claimant's amount of Life Insurance (whichever is less).

To determine the Accelerated Death Benefit, the Company will use the lesser of A or B below:
  A.  the Claimant's amount of Life Insurance which is in force on the day before the Accelerated Death Benefit is paid; or
  B.  the Claimant's amount of Life Insurance which would be in force 12 months after that date; if the coverage is scheduled to reduce, due to age, within 12 months after the Accelerated Death Benefit is paid.

GL1102-3.8 01 DAY

8

ADB-DEP.
01/01/14

App. 021

ADMINISTRATIVE CHARGE: NONE

WITHDRAWAL FEE: NONE

EFFECT ON AMOUNT OF LIFE INSURANCE. "Remaining Life Insurance" means the amount of Life Insurance which remains in force on the Claimant's life after an Accelerated Death Benefit is paid. The Remaining Life Insurance will equal:
  (1) the Claimant's amount of Life Insurance which was used to determine the Accelerated Death Benefit (A or B above); minus
  (2) any percentage by which the Claimant's coverage is scheduled to reduce, due to age; if the reduction occurs more than 12 months after the Accelerated Death Benefit is paid, and while he or she is still living; minus
  (3) the amount of the Accelerated Death Benefit withdrawn.

PREMIUM: There is no additional charge for this benefit. Continuation of the Remaining Life Insurance will be subject to timely payment of the premium for the reduced amount; unless you qualify for waiver of premium under the Policy's Extension of Death Benefit provision, if included.

CONDITIONS. If the Claimant exercises the Conversion Privilege after an Accelerated Death Benefit is paid, the amount of the conversion policy will not exceed the amount of his or her Remaining Life Insurance. If the Claimant has Accidental Death and Dismemberment benefits under the Policy, the Principal Sum will not be affected by the payment of an Accelerated Death Benefit.

EFFECT ON DEATH BENEFIT. When the Claimant dies after an Accelerated Death Benefit is paid, the amount of Remaining Life Insurance in force on the date of death will be paid as a Death Benefit. Your Death Benefit will be paid in accord with the Beneficiary section of the Policy. If the Claimant dies after application for an Accelerated Death Benefit has been made, but before the Company has made payment; then the request will be void and no Accelerated Death Benefit will be paid. The amount of Life Insurance in force on the date of death will be paid in accord with Policy provisions.

EFFECT ON TAXES AND GOVERNMENT BENEFITS. Any Accelerated Death Benefit amount withdrawn may be taxable income to you. Receipt of the Accelerated Death Benefit may also affect the Claimant's eligibility for Medicaid, Supplemental Security Income and other government benefits. The Claimant should consult his or her own tax and legal advisor before applying for an Accelerated Death Benefit. The Company is not responsible for any tax owed or government benefit denied, as a result of the Accelerated Death Benefit payment.

LIMITATIONS. No Accelerated Death Benefit will be paid:
  (1) if any required premium is due and unpaid;
  (2) on any conversion policy purchased in accord with the Conversion Privilege;
  (3) without the written approval of the bankruptcy court, if you have filed for bankruptcy;
  (4) without the written consent of the beneficiary, if you have named an irrevocable beneficiary;
  (5) without the written consent of the assignee, if you have assigned your rights under the Policy;
  (6) if any part of the Life Insurance must be paid to your child, spouse or former spouse; pursuant to a legal separation agreement, divorce decree, child support order or other court order;
  (7) if the Claimant is Terminal due to a suicide attempt, while sane or insane; or due to an intentionally self-inflicted injury;
  (8) if a government agency requires you or the Claimant to use the Accelerated Death Benefit to apply for, receive or continue a government benefit or entitlement; or
  (9) if an Accelerated Death Benefit has been previously paid for the Claimant under the Policy.

GL1102-3.8 01 DAY

9

ADB-DEP.
01/01/14

App. 022

## CONVERSION PRIVILEGE

If your insurance or insurance on a Dependent terminates for any reason except:
    (1)    termination or amendment of the Policy; or
    (2)    your request for:
        (a)    termination of insurance; or
        (b)    cancellation of your payroll deductions,
an individual life policy, known as a conversion policy, may be purchased without evidence of insurability.

To purchase a conversion policy, application and payment of the first premium must be made within 31 days after the life insurance is terminated.

A conversion policy will:
    (1)    be in an amount not to exceed the amount of life insurance which was terminated; less the amount of any group life insurance for which the person becomes eligible within 31 days after insurance terminates;
    (2)    be on any form (except term) then issued by the Company at the age and amount for which application is made;
    (3)    be issued at the person's age at nearest birthday;
    (4)    be issued without disability or other supplemental benefits; and
    (5)    require premiums based on the class of risk to which the person then belongs.

A conversion policy also may be purchased if:
    (1)    all or part of your insurance or insurance on a Dependent terminates due to amendment or termination of the Policy; and
    (2)    the person applying for the conversion policy has been covered continuously under the Policy for at least 5 years.

The amount of the conversion policy may not exceed the lesser of:
    (1)    $10,000; or
    (2)    the amount of life insurance which terminates, less the amount of any group life insurance for which the person becomes eligible within 31 days after the termination.

The conversion policy will take effect on the later of:
    (1)    its date of issue; or
    (2)    31 days after the date the insurance terminated.

If death occurs during the 31 day conversion period, the Company will pay the life insurance which could have been converted even if no one applied for the conversion policy.

When your insurance terminates, written notice of your right to convert will be given to you.

If written notice is not given to you at least 15 days before the end of the 31 day conversion period, an additional period in which to convert will be granted. Any such extension of the conversion period will expire on the earliest of:
    (1)    15 days after you are given the written notice; or
    (2)    60 days after the end of the 31 day conversion period, even if you are never given such notice.

No death benefit will be payable under the Policy after the 31 day conversion period has expired, even though the right to convert may be extended.

GL1102-4 IN

DEP. - $10,000
01/01/14

10

App. 023

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The Company will pay the benefit listed below, if:

(1) you sustain an accidental bodily injury while insured under this provision; and
(2) that injury directly causes one of the following losses within 365 days after the date of the accident.

The loss must result directly from the injury and from no other causes.

| LOSS | BENEFIT FOR COMMON CARRIER ACCIDENT | BENEFIT FOR OTHER COVERED ACCIDENT |
|---|---|---|
| Loss of Life | 2 Times Principal Sum | Principal Sum |
| Loss of One Member (Hand, Foot or Eye) | Principal Sum | 1/2 Principal Sum |
| Loss of Two or More Members | 2 Times Principal Sum | Principal Sum |

The Principal Sum for your class is shown in the Schedule of Insurance.

**MAXIMUM PER PERSON.** If you sustain more than one loss resulting from the same accident, the benefit:

(1) will be the one largest amount listed;
(2) will not exceed two times the Principal Sum for all of your combined losses resulting from a Common Carrier Accident; and
(3) will not exceed the Principal Sum for all of your combined losses resulting from any other covered accident.

**TO WHOM PAYABLE.** Benefits for your loss of life will be paid in accord with the Beneficiary section. All other benefits will be paid to you.

**LIMITATIONS.** Benefits are not payable for any loss to which a contributing cause is:

(1) intentional self-inflicted injury or self-destruction;
(2) disease, bodily or mental infirmity, or medical or surgical treatment of these;
(3) participation in a riot;
(4) duty as a member of any military, naval or air force;
(5) war or any act of war, declared or undeclared;
(6) participation in the commission of a felony;
(7) voluntary use of drugs; except when prescribed by a Physician;
(8) travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or
(9) driving a vehicle while intoxicated.

GL1102-6.3A 01 IN

11

COMMON CARRIER
01/01/14

App. 024

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE
### CONTINUED

**DEFINITIONS.**

"Beneficiary" means the person(s) named on your enrollment form. You may change the Beneficiary by filing a written notice of the change with the Company at its Group Insurance Service Office.

"Common Carrier Accident" means a covered accidental bodily injury, which is sustained while riding as a fare paying passenger (not a pilot, operator or crew member) in or on, boarding or getting off from a Common Carrier

"Common Carrier" means any land, air or water conveyance operated under a license to transport passengers for hire.

"Intoxicated" shall be defined by the jurisdiction where the accident occurs. The exclusion will apply whether or not the driver is convicted.

"Loss of a Member" includes the following:
    (1)   "Loss of Hand or Foot," means complete severance through or above the wrist or ankle joint.
    (2)   "Loss of an Eye," means total and irrevocable loss of sight in that eye.

GL1102-6.3A 01 IN

12

COMMON CARRIER
01/01/14

App. 025

## SAFE DRIVER BENEFIT

BENEFIT. If you die as a direct result of a covered auto accident, for which Accidental Death and Dismemberment Benefits are payable; then:

    (1)   an additional Seat Belt Benefit will be payable, if you were wearing a properly fastened seat belt at the time of the accident; and

    (2)   an additional Air Bag Benefit will be payable, if the auto was equipped with air bag(s).

The Seat Belt Benefit equals $10,000 or 10% of the Principal Sum, whichever is less; and the Air Bag Benefit equals $10,000 or 10% of the Principal Sum, whichever is less. The Seat Belt Benefit and the Air Bag Benefit will not be less than $1,000. The Principal Sum is the amount payable because of the Insured Person's accidental death.

A copy of the police report must be submitted with the claim. The position of the seat belt or presence of an air bag must be certified by:

    (1)   the official accident report; or

    (2)   the coroner, traffic officer or other investigating officer.

Upon receipt of satisfactory written proof, the additional benefit will be paid in accord with the Beneficiary section.

DEFINITIONS. As used in this provision:

"Auto" means a 4-wheel passenger car, station wagon, jeep, pick-up truck or van-type car. It must be licensed for use on public highways. It includes a car owned or leased by the Employer.

"Intoxicated," "Impaired," or "Under the Influence of Drugs" shall be defined as by the jurisdiction where the accident occurs.

"Seat Belt" means a properly installed:

    (1)   seat belt or lap and shoulder restraint; or

    (2)   other restraint approved by the National Highway Traffic Safety Administration.

LIMITATIONS. Safe Driver Benefits will not be paid if:

    (1)   the Accidental Death and Dismemberment Benefit is not paid under the Policy for your death; or

    (2)   at the time of the accident, you or any other person who was driving the auto in which you were traveling:

        (a)   was driving without a valid drivers' license;

        (b)   was driving in excess of the legal speed limit; or

        (c)   was driving while intoxicated, impaired, or under the influence of drugs (except for drugs taken as prescribed by a Physician for the driver's use).

    The above limitations will apply, whether or not the driver is convicted.

GL1102-6.15A

13

Seat Belt & Air Bag
01/01/14

## CLAIMS PROCEDURES
### FOR LIFE OR ACCIDENTAL DEATH AND DISMEMBERMENT (AD&D) BENEFITS

NOTE: The Policy may include an Extension of Death Benefit, an Accelerated Death Benefit or a Living Benefit. If so, please refer to that section for special claim procedures.

### NOTICE AND PROOF OF CLAIM

**Notice of Claim.** Written notice of an accidental death or dismemberment claim must be given within 20 days after the loss occurs; or as soon as reasonably possible after that.\* The notice must be sent to the Company's Group Insurance Service Office. It should include:
- (1) your name and address; and
- (2) the number of the Policy.

**Claim Forms.** When notice of claim is received, the Company will send claim forms for filing the required proof. If the Company does not send the forms within 15 days; then you or your Beneficiary (the claimant) may send the Company written proof of claim in a letter. It should state the nature, date and cause of the loss.

**Proof of Claim.** The Company must be given written proof of claim within 90 days after the date of the loss; or as soon as reasonably possible after that.\* Proof of claim must be provided at the claimant's own expense. It must show the nature, date and cause of the loss. In addition to the information requested on the claim form, documentation must include:
- (1) A certified copy of the death certificate, for proof of death.
- (2) A copy of any police report, for proof of accidental death or dismemberment.
- (3) A signed authorization for the Company to obtain more information.
- (4) Any other items the Company may reasonably require in support of the claim.

\* **Exception:** Failure to give notice or furnish proof of claim within the required time period will not invalidate or reduce the claim; if it is shown that it was done:
- (1) as soon as reasonably possible; and
- (2) in no event more than one year after it was required.

These time limits will not apply while the claimant lacks legal capacity.

**EXAM OR AUTOPSY.** At anytime while a claim is pending, the Company may have you examined:
- (1) by a Physician of the Company's choice;
- (2) as often as reasonably required.

If you fail to cooperate with an examiner or fail to take an exam, without good cause; then the Company may deny benefits, until the exam is completed. In case of death, the Company may also have an autopsy done, where it is not forbidden by law. Any such exam or autopsy will be at the Company's expense.

**TIME OF PAYMENT OF CLAIMS.** Any benefits payable under the Policy will be paid immediately after the Company receives complete proof of claim and confirms liability.

In accord with Indiana law, any accidental death or dismemberment benefits will be paid as follows, when more favorable to the claimant.
- (1) **Clean Claim.** The Company must pay a clean claim for AD&D benefits within 45 days after receiving the first written proof of claim. A claim is considered "clean" when:
  - (a) the first proof of claim is complete;
  - (b) no part of the claim is contested; and
  - (c) no other defect prevents prompt payment.

  A claim is also considered "clean" when the insurer fails to promptly request more information, or to resolve it, within 45 days after receiving the first written proof of claim.

GL1102-8A 02 IN

14

L/ADD
01/01/14

## CLAIMS PROCEDURES
### (Continued)

(2) **Defective Claim.** The Company must request more information concerning a defective claim for AD&D benefits within 45 days after receiving the first written proof of claim. It must pay such a claim within 45 days after receiving any additional proof it needs to confirm liability. A claim is considered "defective" if:

    (a) the first written proof of claim is not complete;

    (b) all or part of the claim is contested; or

    (c) some other defect prevents prompt payment.

**TO WHOM PAYABLE--Death.** Any benefits payable for your death will be paid in accord with the Beneficiary, Facility of Payment and Settlement Options sections of the Policy. If the Policy includes Dependent Life Insurance; then any benefits payable for an insured Dependent's death will be paid to:

(1) you, if you survive that Dependent; or

(2) your Beneficiary, or in accord with the Facility of Payment section; if you do not survive that Dependent.

**Dismemberment.** If the Policy includes Accidental Death and Dismemberment Benefits; then any benefit, other than your death benefit, will be paid to you.

**NOTICE OF CLAIM DECISION.** The Company will send the claimant a written notice of its claim decision. If the Company denies any part of the claim; then the written notice will explain:

(1) the reason for the denial, under the terms of the Policy and any internal guidelines;

(2) how the claimant may request a review of the Company's decision; and

(3) whether more information is needed to support the claim.

The Company will send this notice within 15 days after resolving the claim. If reasonably possible, the Company will send it within:

(1) 45 days after receiving the first written proof of claim for any accidental death or dismemberment, Extension of Death Benefit, Living Benefit or Accelerated Death Benefit available under the Policy; or

(2) 90 days after receiving the first written proof of a claim for any life insurance benefit available under the Policy.

**Delay Notice.** If the Company needs more than 15 days to process a claim, in a special case; then an extension will be permitted. If needed, the Company will send the claimant a written delay notice:

(1) by the 15th day after receiving the first proof of claim; and

(2) every 30 days after that, until the claim is resolved.

The notice will explain the special circumstances which require the delay, and when a decision can be expected. In any event, the Company must send written notice of its decision within:

(1) 180 days after receiving the first proof of a death or dismemberment claim; or

(2) 105 days after receiving the first proof of a claim for any Extension of Death Benefit, Living Benefit or Accelerated Death Benefit available under the Policy.

If the Company fails to do so; then there is a right to an immediate review, as if the claim was denied.

**Exception:** If the Company needs more information from the claimant to process a claim; then it must be supplied within 45 days after the Company requests it. The resulting delay will not count towards the above time limits for claim processing.

**REVIEW PROCEDURE.** The claimant may request a claim review, within:

(1) 60 days after receiving a denial notice of a death or dismemberment claim; or

(2) 180 days after receiving a denial notice of a claim for any Extension of Death Benefit, Living Benefit or Accelerated Death Benefit available under the Policy.

To request a review, the claimant must send the Company a written request, and any written comments or other items to support the claim. The claimant may review certain non-privileged information relating to the request for review.

GL1102-8A 02 IN

15

L/ADD
01/01/14

App. 028

## CLAIMS PROCEDURES
### (Continued)

**Notice of Decision.** The Company will review the claim and send the claimant a written notice of its decision. The notice will explain the reasons for the Company's decision, under the terms of the Policy and any internal guidelines. If the Company upholds the denial of all or part of the claim; then the notice will also describe:

    (1)    any further appeal procedures available under the Policy;
    (2)    the right to access relevant claim information; and
    (3)    the right to request a state insurance department review, or to bring legal action.

For a death or dismemberment claim, the notice will be sent within 60 days after the Company receives the request for review; or within 120 days, if a special case requires more time. For a claim for any Extension of Death Benefit, Living Benefit or Accelerated Death Benefit available under the Policy, the notice will be sent within 45 days after the Company receives the request for review; or within 90 days, if a special case requires more time.

**Delay Notice.** If the Company needs more time to process an appeal, in a special case; then it will send the claimant a written delay notice, by the 30th day after receiving the request for review. The notice will explain:

    (1)    the special circumstances which require the delay;
    (2)    whether more information is needed to review the claim; and
    (3)    when a decision can be expected.

**Exception:** If the Company needs more information from the claimant to process an appeal; then it must be supplied within 45 days after the Company requests it. The resulting delay will not count towards the above time limits for appeal processing.

**Claims Subject to ERISA** (Employee Retirement Income Security Act of 1974). Before bringing a civil legal action under the federal labor law known as ERISA, an employee benefit plan participant or beneficiary must exhaust available administrative remedies. Under the Policy, the claimant must first seek two administrative reviews of the adverse claim decision, in accord with this section. If an ERISA claimant brings legal action under Section 502(a) of ERISA after the required reviews; then the Company will waive any right to assert that he or she failed to exhaust administrative remedies.

**RIGHT OF RECOVERY.** If benefits have been overpaid on any claim; then full reimbursement to the Company is required within 60 days. If reimbursement is not made; then the Company has the right to:

    (1)    reduce future benefits until full reimbursement is made; and
    (2)    recover such overpayments from you, or from your Beneficiary or estate.

Such reimbursement is required whether the overpayment is due to fraud, the Company's error in processing a claim, or any other reason.

**LEGAL ACTIONS.** No legal action to recover any benefits may be brought until 60 days after the required written proof of claim has been given. No such legal action may be brought more than three years after the date written proof of claim is required.

**COMPANY'S DISCRETIONARY AUTHORITY.** Except for the functions that the Policy clearly reserves to the Group Policyholder or Employer, the Company has the authority to:

    (1)    manage the Policy and administer claims under it; and
    (2)    interpret the provisions and resolve questions arising under the Policy.

The Company's authority includes (but is not limited to) the right to:

    (1)    establish and enforce procedures for administering the Policy and claims under it;
    (2)    determine your eligibility for insurance and entitlement to benefits;
    (3)    determine what information the Company reasonably requires to make such decisions; and
    (4)    resolve all matters when a claim review is requested.

Any decision the Company makes, in the exercise of its authority, shall be conclusive and binding; subject to your or your Beneficiary's rights to:

    (1)    request a state insurance department review; or
    (2)    bring legal action.

GL1102-8A 02 IN

L/ADD
01/01/14

App. 029

## NOTICE TO POLICYHOLDERS REGARDING
## FILING COMPLAINTS WITH THE DEPARTMENT OF INSURANCE

Questions regarding your policy or coverage should be directed to:

**The Lincoln National Life Insurance Company**
**800-423-2765**

We want you to know that you may contact the Indiana Department of Insurance if you have a complaint or seek assistance from the governmental agency that regulates insurance. To contact the Department of Insurance, write or call:

State of Indiana Department of Insurance
Consumer Services Division
311 West Washington Street, Suite 300
Indianapolis, Indiana 46204

Consumer Hotline: (800) 622-4461; (317) 232-2395

Complaints can be filed electronically at www.in.gov/idoi.

IN NOTICE 05 - P/C

17

01/01/14

App. 030

## SUMMARY OF INDIANA LIFE AND HEALTH INSURANCE
## GUARANTY ASSOCIATION

The Indiana Life and Health Insurance Guaranty Association provides coverage of claims under some types of policies if the insurer becomes impaired or insolvent. COVERAGE MAY NOT BE AVAILABLE UNDER YOUR POLICY. Even if coverage is provided, there are significant limits and exclusions. Coverage is always conditioned on residence in this state. Other conditions may also preclude coverage.

The Indiana Life and Health Insurance Guaranty Association will respond to any questions you may have which are not answered by this document. Your insurer and agent are prohibited by law from using the existence of the association or its coverage to sell you an insurance policy.

You should not rely of availability of coverage under the Indiana Life and Health Insurance Guaranty Association when selecting an insurer.

You may contact the Indiana Life and Health Insurance Guaranty Association as follows:

Indiana Life and Health Insurance Guaranty Association
251 E. Ohio Street, Suite 1070
Indianapolis, IN 46204
(317) 636-8204
www.inlifega.org

You may contact the Indiana Department of Insurance as follows:

Indiana Department of Insurance
311 W. Washington Street
Indianapolis, IN 46204
(317) 232-2385
www.in.gov/idoi

GAN-GRP-IN NOTICE-P/C 07

18

01/01/14

## CERTIFICATE AMENDMENT

TO BE ATTACHED TO THE CERTIFICATE FOR GROUP POLICY NO.:  000010132080

ISSUED TO:  Ashley Industrial Moldings, Inc.

Your Certificate is amended by the addition of the following provisions.

### PRIOR INSURANCE CREDIT UPON TRANSFER OF
### LIFE INSURANCE CARRIERS

This provision prevents loss of life insurance coverage for you, which could otherwise occur solely because of a transfer of insurance carriers.  The Policy will provide the following Prior Insurance Credit, when it replaces a prior plan.

"Prior Plan" means a prior carrier's group life insurance policy, which the Policy replaced within 1 day of the prior plan's termination date.

FAILURE TO SATISFY ACTIVE WORK RULE.  Subject to payment of premiums, the Policy will provide life coverage if you:

    (1)    were insured under the prior plan on its termination date;
    (2)    were otherwise eligible under the Policy; but were not Actively-At-Work due to Injury or Sickness on its Effective Date;
    (3)    are not entitled to any extension of life insurance under the prior plan; and
    (4)    are not Totally Disabled (as defined in the Extension of Death Benefit section of the Policy) on the date the Policy takes effect.

AMOUNT OF LIFE INSURANCE.  Until you satisfy the Policy's Active Work rule, the amount of your group life insurance under the Policy will not exceed the amount for which you were insured under the prior plan on its termination date.

This Amendment takes effect on your effective date of coverage under the Policy.  In all other respects, your Certificate remains the same.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

_Chrls A. Brawly_

Officer of the Company

GL1102-AMEND. PC1

19

Prior Ins. Cred. - Life
01/01/14

App. 032



**Financial Group®**

## LINCOLN FINANCIAL GROUP® PRIVACY PRACTICES NOTICE

The Lincoln Financial Group companies* are committed to protecting your privacy. To provide the products and services you expect from a financial services leader, we must collect personal information about you. We do not sell your personal information to third parties. We share your personal information with third parties as necessary to provide you with the products or services you request and to administer your business with us. This Notice describes our current privacy practices. While your relationship with us continues, we will update and send our Privacy Practices Notice as required by law. Even after that relationship ends, we will continue to protect your personal information. You do not need to take any action because of this Notice, but you do have certain rights as described below.

### INFORMATION WE MAY COLLECT AND USE

We collect personal information about you to help us identify you as our customer or our former customer; to process your requests and transactions; to offer investment or insurance services to you; to pay your claim; or to tell you about our products or services we believe you may want and use. The type of personal information we collect depends on the products or services you request and may include the following:

- **Information from you:** When you submit your application or other forms, you give us information such as your name, address, Social Security number; and your financial, health, and employment history.

- **Information about your transactions.** We keep information about your transactions with us, such as the products you buy from us; the amount you paid for those products; your account balances; and your payment history.

- **Information from outside our family of companies:** If you are purchasing insurance products, we may collect information from consumer reporting agencies such as your credit history; credit scores; and driving and employment records. With your authorization, we may also collect information, such as medical information from other individuals or businesses.

- **Information from your employer:** If your employer purchases group products from us, we may obtain information about you from your employer in order to enroll you in the plan.

### HOW WE USE YOUR PERSONAL INFORMATION

We may share your personal information within our companies and with certain service providers. They use this information to process transactions you have requested; provide customer service; and inform you of products or services we offer that you may find useful. Our service providers may or may not be affiliated with us. They include financial service providers (for example, third party administrators; broker-dealers; insurance agents and brokers; registered representatives; reinsurers and other financial services companies with whom we have joint marketing agreements). Our service providers also include non-financial companies and individuals (for example, consultants; vendors; and companies that perform marketing services on our behalf). Information we obtain from a report prepared by a service provider may be kept by the service provider and shared with other persons; however, we require our service providers to protect your personal information and to use or disclose it only for the work they are performing for us, or as permitted by law.

When you apply for one of our products, we may share information about your application with credit bureaus. We also may provide information to group policy owners; regulatory authorities and law enforcement officials and to others when we believe in good faith that the law requires disclosure. In the event of a sale of all or part of our businesses, we may share customer information as part of the sale. We do not sell or share your information with outside marketers who may want to offer you their own products and services; nor do we share information we receive about you from a consumer reporting agency. You do not need to take any action for this benefit.

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

GB06714

Page 1 of 2
6/12

App. 033

## SECURITY OF INFORMATION

We have an important responsibility to keep your information safe. We use safeguards to protect your information from unauthorized disclosure. Our employees are authorized to access your information only when they need it to provide you with products, services, or to maintain your accounts. Employees who have access to your personal information are required to keep it confidential. Employees are trained on the importance of data privacy.

Questions about your personal information should be directed to:

> Lincoln Financial Group
> Attn: Enterprise Compliance and Ethics
> Corporate Privacy Office, 7C-01
> 1300 S. Clinton St.
> Fort Wayne, IN 46802

**Please include all policy/contract/account numbers with your correspondence.**

*This information applies to the following Lincoln Financial Group companies:

First Penn-Pacific Life Insurance Company
Lincoln Financial Group Trust Company, LLC
Lincoln Financial Investment Services Corporation
Lincoln Investment Advisors Corporation

Lincoln Life & Annuity Company of New York
Lincoln Retirement Services Company, LLC
Lincoln Variable Insurance Products Trust
The Lincoln National Life Insurance Company

## ADDITIONAL PRIVACY INFORMATION FOR INSURANCE PRODUCT CUSTOMERS

### CONFIDENTIALITY OF MEDICAL INFORMATION

We understand that you may be especially concerned about the privacy of your medical information. We do not sell or rent your medical information to anyone; nor do we share it with others for marketing purposes. We only use and share your medical information for the purpose of underwriting insurance, administering your policy or claim and other purposes permitted by law, such as disclosure to regulatory authorities or in response to a legal proceeding.

### MAKING SURE MEDICAL INFORMATION IS ACCURATE

We want to make sure we have accurate information about you. Upon written request we will tell you, within 30 business days, what personal information we have about you. You may see a copy of your personal information in person or receive a copy by mail, whichever you prefer. We will share with you who provided the information. In some cases we may provide your medical information to your personal physician. We will not provide you with information we have collected in connection with, or in anticipation of, a claim or legal proceeding. If you believe that any of our records are not correct, you may write and tell us of any changes you believe should be made. We will respond to your request within 30 business days. A copy of your request will be kept on file with your personal information so anyone reviewing your information in the future will be aware of your request. If we make changes to your records as a result of your request, we will notify you in writing and we will send the updated information, at your request, to any person who may have received the information within the prior two years. We will also send the updated information to any insurance support organization that gave us the information, and any service provider that received the information within the prior 7 years.

Questions about your personal medical information should be directed to:

> Lincoln Financial Group
> Attn: Medical Underwriting
> P.O. Box 21008
> Greensboro, NC 27420-1008

The CONFIDENTIALITY OF MEDICAL INFORMATION and MAKING SURE INFORMATION IS ACCURATE sections of this Notice apply to the following Lincoln Financial Group companies:

First Penn-Pacific Life Insurance Company
Lincoln Life & Annuity Company of New York
The Lincoln National Life Insurance Company

GB06714

Page 2 of 2
6/12

# The Lincoln National Life Insurance Company

A Stock Company    Home Office Location: Fort Wayne, Indiana
Group Insurance Service Office:  8801 Indian Hills Drive, Omaha, NE 68114-4066 (402) 361-7300

CERTIFIES THAT Group Policy No.     GL 000400001000-12077     has been issued to
The Commerce Trust Company as Trustee for The Lincoln National Life Insurance Company Voluntary
Insurance Trust

The Issue Date is January 1, 2011 for the Participating Employer.

Participating Employer:  Ashley Industrial Moldings, Inc.

The insurance is effective only if the Employee is eligible for insurance and becomes and remains insured as
provided in the Group Policy.

Certificate of Insurance for Class 1

{INSURED}

{Schedule of Insurance}
     {Coverage}                                          {Insurance Amount}
       {BENEFIT_1}
       {BENEFIT_2}
       {BENEFIT_3}
       {BENEFIT_4}
       {BENEFIT_5}

You are entitled to the benefits described in this Certificate if you are eligible for insurance under the
provisions of the Policy. This Certificate replaces any other certificates for the benefits described inside. As
a Certificate of Insurance, it is not a contract of insurance; it only summarizes the provisions of the Policy
and is subject to the Policy's terms.

President

## CERTIFICATE OF GROUP LIFE INSURANCE

GL1102 FACE PAGE

{LFGLOGO}        {USER}           {CERT_ID}            01/01/14

App. 035

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The Company will pay the benefit listed below, if:

    (1)   an Insured Person sustains an accidental bodily injury while insured under this provision; and

    (2)   that injury directly causes one of the following losses within 365 days after the date of the accident.

The loss must result directly from the injury and from no other causes.

| LOSS | BENEFIT FOR COMMON CARRIER ACCIDENT | BENEFIT FOR OTHER COVERED ACCIDENT |
|---|---|---|
| Loss of Life | 2 Times Principal Sum | Principal Sum |
| Loss of One Member (Hand, Foot or Eye) | Principal Sum | 1/2 Principal Sum |
| Loss of Two or More Members | 2 Times Principal Sum | Principal Sum |

The Principal Sum for the Insured Person's class is shown in the Schedule of Insurance.

**MAXIMUM PER PERSON.** If an Insured Person sustains more than one loss resulting from the same accident, the benefit:

    (1)   will be the one largest amount listed;

    (2)   will not exceed two times the Principal Sum for all of that person's combined losses resulting from a Common Carrier Accident; and

    (3)   will not exceed the Principal Sum for all of that person's combined losses resulting from any other covered accident.

**TO WHOM PAYABLE.** Benefits for the Insured Person's loss of life will be paid in accord with the Beneficiary section. All other benefits will be paid to the Insured Person.

**LIMITATIONS.** Benefits are not payable for any loss to which a contributing cause is:

    (1)   intentional self-inflicted injury or self-destruction;

    (2)   disease, bodily or mental infirmity, or medical or surgical treatment of these;

    (3)   participation in a riot;

    (4)   duty as a member of any military, naval or air force;

    (5)   war or any act of war, declared or undeclared;

    (6)   participation in the commission of a felony;

    (7)   voluntary use of drugs; except when prescribed by a Physician;

    (8)   travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or

    (9)   driving a vehicle while intoxicated.

GL1101-14.3A 01 IN

20

COMMON CARRIER
01/01/14

App. 036

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE
## CONTINUED

### DEFINITIONS.

"Beneficiary" means the person(s) named on the Insured Person's enrollment form. The Insured Person may change the Beneficiary by filing a written notice of the change with the Company at its Group Insurance Service Office.

"Common Carrier Accident" means a covered accidental bodily injury, which is sustained while riding as a fare paying passenger (not a pilot, operator or crew member) in or on, boarding or getting off from a Common Carrier.

"Common Carrier" means any land, air or water conveyance operated under a license to transport passengers for hire.

"Intoxicated" shall be defined by the jurisdiction where the accident occurs. The exclusion will apply whether or not the driver is convicted.

"Loss of a Member" includes the following:
   (1)  "Loss of Hand or Foot," means complete severance through or above the wrist or ankle joint.
   (2)  "Loss of an Eye," means total and irrevocable loss of sight in that eye.

GL1101-14.3A 01 IN

21

COMMON CARRIER
01/01/14

IN THE DISTRICT COURT OF IOWA, IN AND FOR FAYETTE COUNTY

-------------------------------------------------------------

| | |
|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE | ) ) ) |
| Plaintiff, | ) CASE NO. CVCV055206 |
| v. | ) **ORIGINAL NOTICE FOR** |
| | ) **FIRST AMENDED** |
| | ) **PETITION AT LAW** |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

-------------------------------------------------------------

TO THE ABOVE-NAMED DEFENDANT: THE LINCOLN NATIONAL LIFE INSURANC COMPANY

YOU ARE HEREBY NOTIFIED that a Petition has been filed in the office of the Clerk of this Court, naming you as he defendant in the action. A copy of the Petition (any any documents filed with it) is attached to this Notice. The attorney for the Plaintiff's is Larry F. Woods, whose address is 24 North Frederick Avenue, Oelwein, IA 50662. That the attorney's telephone number is (319) 283-3204; facsimile number is (319) 283-9193, and e-mail address of lfwoods@trxinc.com

YOU must serve a Motion or Answer within 20 days after service of this Original Notice upon you, and within a reasonable time thereafter, file your Motion or Answer with the Clerk of the Iowa District Court for Fayette County, at the County Courthouse P. O. Box 458 in West Union, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxillary aide or services to particpate in court because of adisability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TY at 1-800-735-2942.)

(SEAL)

_____
Clerk of the Above Court


By:_____
                                    Deputy
Fayette County Courthouse
West Union, Iowa 52175

NOTE: YOU AREADVISE TO SEEK LEGAL ADVISE AT ONCE TO PROTECT YOUR INTEREST.

App. 038

IN THE DISTRICT COURT OF IOWA, IN AND FOR FAYETTE COUNTY

```
-------------------------------------------------------------
VANESSA LEE, Individually      )
as Executor of the JOHN        )      CASE NO. CVCV055206
LEE ESTATE                     )
          Plaintiff,           )
v.                             )      ORIGINAL NOTICE FOR
                               )      FIRST AMENDED
                               )      PETITION AT LAW
THE LINCOLN NATIONAL LIFE      )
INSURANCE COMPANY,             )
          Defendant.           )
-------------------------------------------------------------
```

TO THE ABOVE-NAMED DEFENDANT: THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

YOU ARE HEREBY NOTIFIED that a Petition has been filed in the office of the Clerk of this Court, naming you as he defendant in the action. A copy of the Petition (any documents filed with it) is attached to this Notice. The attorney for the Plaintiff's is Larry F. Woods, whose address is 24 North Frederick Avenue, Oelwein, IA 50662. That the attorney's telephone number is (319) 283-3204; facsimile number is (319) 283-9193, and e-mail address of lfwoods@trxinc.com

YOU must serve a Motion or Answer within 20 days after service of this Original Notice upon you, and within a reasonable time thereafter, file your Motion or Answer with the Clerk of the Iowa District Court for Fayette County, at the County Courthouse P. O. Box 458 in West Union, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aide or services to participate in court because of admissibility, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TY at 1-800-735-2942.)

NOTE: YOU ARE ADVISED TO SEEK LEGAL ADVISE AT ONCE TO PROTECT YOUR INTEREST.

App. 039

# STATE OF IOWA JUDICIARY

*Case No.* **CVCV055206**

*County* **Fayette**

*Case Title* **VANESSA LEE V THE LINCOLN MUTUAL INS. CO.**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 833-3332** .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/27/2018 11:40:51 AM



*District Clerk of* Fayette          *County*

/s/ Katherine Gumm

App. 040

IN THE DISTRICT COURT OF IOWA, IN AND FOR FAYETTE COUNTY

```
---------------------------------------------------------------
VANESSA LEE, Individually      )
as Executor of the JOHN        )     CASE NO. CVCV055206
LEE ESTATE                     )
         Plaintiff,            )     ACCEPTANCE OF SERVICE
v.                             )     OR ORIGINAL NOTICE AND
                               )     FIRST AMENDED
                               )     PETITION AT LAW
THE LINCOLN NATIONAL LIFE      )
INSURANCE COMPANY,             )
         Defendant.            )
---------------------------------------------------------------
```

COMES NOW, _CO Cunningham, JR_ , (NAME) who is the _Vice President, Assoc. General Counsel_ (OFFICE HELD IN CORPORATION), a duly authorized offer and employee of the above-named Defendant, The Lincoln National Life Insurance Company, the named Defendant in the above-entitled matter, and hereby acknowledges receipt of an Original Notice, with a copy of the Petition at Law attached thereto; I, as duly authorized agent for said named Defendant, The Lincoln National Life Insurance Company, do hereby accept service of Original Notice and waive any defects in the manner of service, ~~I further surrender to the jurisdiction of the District Court of Iowa, in and for Fayette County, Iowa.~~

DATED this _17th_ day of August, 2018.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

By: _CD Cunningham JR_

App. 041

**IN THE IOWA DISTRICT COURT FOR FAYETTE COUNTY**

| | | |
|---|---|---|
| VANESSA LEE, Individually | ) | |
| as Executor of the JOHN | ) | No. CVCV055206 |
| LEE ESTATE | ) | |
|      Plaintiff, | ) | |
| | ) | |
|      v. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY | ) | |
|      Defendant. | ) | |

**NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL TO FEDERAL COURT**

TO:    **FAYETTE COUNTY, IOWA, CLERK OF COURT and
COUNSEL FOR PLAINTIFF**

PLEASE TAKE NOTICE that on this date, Defendant The Lincoln National Life Insurance Company filed a Notice of Removal in the **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA – EASTERN DIVISION.** A copy of the Notice of Removal is attached hereto for your information. This Court is hereby requested to proceed no further with this matter unless and until the case is remanded.

Dated: August 30, 2018           **LEDERER WESTON CRAIG PLC**

                       By:    /s/ Brenda K. Wallrichs
                             Brenda K. Wallrichs  AT0008203
                             118 Third Avenue SE, Suite 700
                             P. O. Box 1927
                             Cedar Rapids, IA  52406-1927
                             Phone:  (319) 365-1184
                             Fax:  (319) 365-1186
                             E-mail:  bwallrichs@lwclawyers.com

                             ATTORNEYS FOR DEFENDANT

1

Copies to:

Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
PH:  (319) 283-3204
Email:  lfwoods@trxinc.com
**Counsel for Plaintiff:**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was e-filed with the Court on August 30, 2018 and served electronically upon counsel of record for each party to the action through EDMS notification.


  /s/ Brenda K. Wallrichs
Brenda K. Wallrichs

2

App. 043