# MATERIALS THE CLERK OF COURT IS TO PROVIDE TO PARTIES WHO FILE CIVIL REMOVAL ACTIONS IN THE NORTHERN DISTRICT OF IOWA ON OR AFTER JANUARY 1, 2008

1. Local Rule 81 <span style="color:red">PLEASE NOTE THAT LR81(b) IS INCORRECT WHERE IT STATES THAT THE PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN ARE DUE WITHIN 90 DAYS OF THE FILING OF A PETITION FOR REMOVAL. PER CHANGES TO THE FEDERAL RULES OF CIVIL PROCEDURE EFFECTIVE 12/2015, THE DEADLINE IS NOW **60 DAYS** FROM THE FILING OF A PETITION FOR REMOVAL BECAUSE A DEFENDANT HAS APPEARED.</span>

2. Local Rule 7.1

3. Disclosure Statement

4. Local Rule 10

5. Local Rule 16

6. Federal Rule of Civil Procedure 16

7. Pretrial Conferences; Scheduling; Management

8. Instructions and Worksheet for Scheduling Order and Discovery Plan

9. Proposed Scheduling Order and Discovery Plan

10. Local Rule 73

11. Notice, Consent and Order of Reference

12. Notice of Lawsuit and Request for Waiver

13. Waiver of Service of Summons

14. Local Rule 41

15. ECF Attorney Registration Form

16. Privacy Notice

Revised 10/2017

# LR 81  REMOVED ACTIONS

a. **Filings.**  When a civil case is removed to this court from a state court, along with the notice of removal and the proper filing fee, the removing party also must file under the same docket entry as the notice of removal the following:

1. Copies of all process, pleadings, and orders filed in the state case (the requirements of Local Rules 5A(g)(8) and 10(c)(3) do not apply to documents filed pursuant to this subsection). All of these documents must be filed electronically pursuant to Local Rule 5A(b);

2. A list of all motions pending in the state court that will require resolution by this court, with the papers relating to the motions electronically attached to the list; and

3. The names of counsel and the law firms that have appeared in the state court, with their office addresses, telephone numbers, facsimile numbers, and e–mail addresses (if available), and the names of the parties they represent.

4. When a civil case is removed to this court from a state court based on diversity of citizenship under 28 U.S.C. § 1332, if the petition filed in state court does not, on its face, indicate either the required diversity of citizenship or the required amount in controversy, the removing party also must include in the notice of removal a statement of the facts that demonstrate satisfaction of these jurisdictional requirements.

b. **Scheduling Order and Discovery Plan.**  Within 90 days after the filing of a petition for removal, counsel for the parties must submit to the Clerk of Court for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan prepared in accordance with the requirements of Local Rule 16.  The removing party is responsible for initiating discussions on the proposed scheduling order and discovery plan, but all parties who have appeared in the case are jointly responsible for the preparation and submission of the proposed scheduling order and discovery plan.

c. **Removing Party's Disclosure Statement.**  Within 21 days after filing a petition for removal in a civil case, each nongovernmental removing party that is not a natural person must file with the Clerk of Court a disclosure statement form in compliance with Local Rule 7.1(c).

d. **Remaining Parties' Disclosure Statements.**  Within 30 days after service of the petition for removal in a civil case, each remaining nongovernmental party that is not a natural person must file with the Clerk of Court a disclosure statement form in compliance with Local Rule 7.1(c).

e. **Obligations of the Parties.**  After a civil case is removed to this court, the parties should obtain the following from the courts' websites:

1. A copy of this rule and Local Rules 7.1, 10(g), and 16;

2. The instructions for the scheduling order and discovery plan and worksheet;

3. A scheduling order and discovery plan form;

4. A disclosure statement form; and

5. A Notice of Public Availability of Case File Information.

49

# LR 7.1  DISCLOSURE STATEMENT

a. **Plaintiff's Disclosure Statement.**  Within 21 days after a civil complaint is filed, each nongovernmental plaintiff that is not a natural person must file with the Clerk of Court a disclosure form containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

b. **Defendant's Disclosure Statement.**  Within 30 days after service of a civil complaint on a nongovernmental defendant that is not a natural person, such defendant must file with the Clerk of Court a statement containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the defendant as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the defendant's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

c. **Disclosure Statement Forms.**  The disclosure form is available on the courts' websites.  The disclosure statement form is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal.

d. **Conflicts List.**  After entering an appearance in a pending civil case, the lawyers for the parties must determine promptly if a presiding judge has filed a conflicts list with the Clerk of Court by doing one of the following:

   1. Inspecting the conflicts information on the courts' websites; or

   2. Inquiring of the Clerk of Court of the district.

   3. If a conflicts list for the presiding judge has been filed with the Clerk of Court, the lawyer must review the list and notify the Clerk of Court immediately if it appears a presiding judge may have a conflict with any association, firm, partnership, corporation, or other artificial entity either related to any party or having a pecuniary interest in the case.

Plaintiff(s),

Case Number:

vs.

DISCLOSURE STATEMENT

Defendant(s).

As required by LR 7.1 and LR 81(c) and (d), [plaintiff] [defendant] in this case provides the following information to the court:

(a) *The following are the names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the [plaintiff] [defendant] as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the [plaintiff's] [defendant's] outcome in this case*:

(b) *With respect to each entity named in response to (a), the following describes its connection to or interest in the litigation, or both*:

Date: _____

_____
Atttorney's Name
Address:

Telephone Number:
E-mail Address:

Attorney for: [plaintiff] [defendant]

## LR 10 FORM OF DOCUMENTS FILED WITH THE COURT; CITATIONS TO STATUTES; PERSONAL IDENTIFIERS

a. **Size.** All documents filed with the court in paper form must be on 8.5 inch x 11 inch size paper. All electronic filings must be similarly formatted.

b. **Form.** All documents filed with the court must be in the following form:

   1. Double spaced;

   2. Printed on only one side of the page; and

   3. Have a top margin of at least 1 inch on each page.

   4. A brief more than 10 pages in length must include, on the first page, a subject matter table of contents.

   Documents more than 1 page in length must be numbered at the bottom of each page. Exhibits included in an appendix or attached to a pleading, motion, or brief must be imaged or reproduced in a clear, legible, and high-quality form.

c. **Documents Filed in Paper Form.** To facilitate electronic imaging, a document filed non-electronically must be delivered to the Clerk of Court with no tabs, staples, or permanent clips, but may be organized with paperclips, clamps, or some other type of temporary fastener, or delivered to the Clerk of Court in an expandable file folder, except as follows:

   1. Transcripts may be bound.

   2. Copies of exhibits may be provided to the court in a notebook.

   3. If a motion, resistance, or reply, together with any supporting filings, totals more than 100 pages in length and is filed electronically, within 7 days after the document is filed, the filer must deliver to the Clerk of Court, for use by the presiding judge, a paper copy of the motion, resistance, or reply, together with any supporting filings, reproduced on one side of the page, bound or fastened at the left margin, and tabbed to facilitate ready reference.

d. **Captions.** Captions of filings must include the district and division in which the case is filed, the case number, the names of the litigants in the manner prescribed in Federal Rule of Civil Procedure 10(a), and a designation of the content, and must specify clearly the party filing the document.

e. **Consolidated Cases.** If 2 or more cases have been consolidated, the caption on all filings in the cases must be in the name of the lead case, but also must include the case numbers of all other member cases. If 2 or more cases have been consolidated for pretrial purposes only, the caption on all filings in the cases must include the full captions of all member cases.

f. **Return of Copies by Mail.** If a party requests that a copy of a document filed in paper form be returned by mail, the party must deliver to the Clerk of Court a self-addressed, stamped envelope, with proper postage, and large enough to accommodate the requested copy.

g. **Personal Data Identifiers.** Unless otherwise permitted or required by law, a party filing a document containing personal data identifiers should, unless the document is filed under seal, modify or

Case 6:18-cv-02063-CJW-MAR    Document 6    Filed 08/30/18    Page 5 of 26

partially redact the document to prevent disclosure of the identifiers. (*See* Fed. R. Civ. P. 5.2(a)). Personal data identifiers include the following:

1. Social Security numbers;

2. Dates of birth;

3. Names of minors (anyone under the age of 18);

4. Financial account numbers; and

5. Taxpayer identification numbers.

By way of example, and not limitation, if the Social Security number of an individual must be included in a document, only the last four digits of that number should be used. If an individual's date of birth is necessary, only the year should be used. If a minor must be mentioned, only that minor's initials should be used. If financial account numbers are relevant, only incomplete numbers should be recited in the document.

In addition, parties should exercise caution when filing unsealed documents that contain the following information:

6. Other personal identifying numbers, such as driver's license numbers;

7. Information concerning medical treatment or diagnosis (which includes mental health and substance abuse information);

8. Employment history;

9. Personal financial information;

10. Proprietary or trade secret information;

11. Information concerning a person's cooperation with the government;

12. Information concerning crime victims;

13. Sensitive security information;

14. Home addresses;

15. Telephone numbers;

16. E-mail addresses.

It is the responsibility of counsel and the parties to assure that appropriate redactions from documents have been made before they are filed; the Clerk of Court will not review filings to determine whether such redactions have been made.

# LR 16  SCHEDULING ORDER AND DISCOVERY PLAN

a. **Timing of Proposed Order and Plan.**  Within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must submit to the Clerk of Court for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan.

   The parties must confer to complete the proposed scheduling order and discovery plan as soon as practicable, but at least 14 days before the proposed scheduling order and discovery plan is due.

b. **Completion of Proposed Order and Plan.**  The attorneys of record and all unrepresented parties who have appeared in the case are jointly responsible for preparing a proposed scheduling order and discovery plan.  The proposed scheduling order and discovery plan must be prepared using the form supplied by the Clerk of Court, and must contain all of the information requested in the form.  The form may be downloaded from the courts' websites. The completed form must be filed.

c. **Dismissal for Failure to Submit Timely Proposed Order and Plan.** The failure to submit timely a proposed scheduling order and discovery plan may result in dismissal of the case.

d. **Cases Not Subject to Requirement.**  A proposed scheduling order and discovery plan must be submitted in all civil cases, except for the following:

   1. An action for judicial review based on an administrative record, such as a Social Security benefits case or a claim-review case brought under the Employee Retirement Income Security Act of 1974;

   2. A petition, application, or motion for habeas corpus, or other proceeding to challenge a criminal conviction or sentence;

   3. An action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

   4. An action to enforce or quash an administrative summons or subpoena;

   5. An action by the United States to recover benefit payments;

   6. An action by the United States to collect on a student loan guaranteed by the United States;

   7. A proceeding ancillary to proceedings in other courts;

   8. An action to enforce an arbitration award;

   9. A foreclosure or civil forfeiture action filed by the United States;

   10. An IRS summons enforcement action; and

   11. Any other class of cases so designated by order of the court.

e. **Scheduling Conference.**  After reviewing the proposed scheduling order and discovery plan, the magistrate judge may issue the Rule 16(b) and 26(f) scheduling order and discovery plan, either as submitted or with revisions, or may set a scheduling conference.  Nothing in this rule precludes the parties from requesting a scheduling or planning conference with the magistrate judge at any time.

f.  **Requests for Extensions of Scheduling Order Deadlines.** A motion to extend a scheduling order deadline must demonstrate good cause for the requested extension and also must contain the following:

   1.  A description of the discovery not completed;

   2.  A description of the discovery that has been completed;

   3.  An explanation of why all discovery cannot be completed by the existing deadline;

   4.  A statement of when discovery will be completed; and

   5.  The current trial date and a statement of whether the moving party believes the requested extension will affect any scheduled trial date.[HA1]

g.  **Dispositive Motion Deadline.** The deadline in the proposed scheduling order and discovery plan for filing dispositive motions must be at least 150 days before the proposed ready-for-trial date.

h.  **Deadlines in Actions for Judicial Review Based on Administrative Record.** In actions for judicial review based on an administrative record, such as claim-review cases brought under the Employee Retirement Income Security Act of 1974, within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs. This section does not apply to Social Security benefits cases, which are scheduled by the court.

i.  **Sanctions.** The failure to comply with a deadline established in the Rule 16(b) and 26(f) scheduling order and discovery plan may result in sanctions, including the exclusion of evidence, the prevention of witnesses from testifying, the striking of pleadings or other documents, the denial of oral argument, and the imposition of attorney fees and costs.

22

# FEDERAL RULE OF CIVIL PROCEDURE
## Rule 16 Pretrial Conferences; Scheduling; Management

(a) PURPOSES OF A PRETRIAL CONFERENCE. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

(1) expediting disposition of the action;

(2) establishing early and continuing control so that the case will not be protracted because of lack of management;

(3) discouraging wasteful pretrial activities;

(4) improving the quality of the trial through more thorough preparation; and

(5) facilitating settlement.

(b) SCHEDULING.

(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(A) after receiving the parties' report under Rule 26(f); or

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

(2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

(3) *Contents of the Order.*

(A) *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

(B) *Permitted Contents.* The scheduling order may:

(i) modify the timing of disclosures under Rules 26(a) and 26(e)(1);

(ii) modify the extent of discovery;

(iii) provide for disclosure, discovery, or preservation of electronically stored information;

(iv) include any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502;

(v) direct that before moving for an order relating to discovery, the movant must request a conference with the court;

(vi) set dates for pretrial conferences and for trial; and

(vii) include other appropriate matters.

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

(c) ATTENDANCE AND MATTERS FOR CONSIDERATION AT A PRETRIAL CONFERENCE.

(1) *Attendance.* A represented party must authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference. If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement.

(2) *Matters for Consideration.* At any pretrial conference, the court may consider and take appropriate action on the following matters:

(A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;

(B) amending the pleadings if necessary or desirable;

(C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;

(D) avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702;

(E) determining the appropriateness and timing of summary adjudication under Rule 56;

(F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;

(G) identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial;

(H) referring matters to a magistrate judge or a master;

(I) settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule;

(J) determining the form and content of the pretrial order;

(K) disposing of pending motions;

(L) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

(M) ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, third-party claim, or particular issue;

(N) ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);

(O) establishing a reasonable limit on the time allowed to present evidence; and

(P) facilitating in other ways the just, speedy, and inexpensive disposition of the action.

(d) PRETRIAL ORDERS. After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

(e) FINAL PRETRIAL CONFERENCE AND ORDERS. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

(f) SANCTIONS.

(1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs*. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA


## INSTRUCTIONS AND WORKSHEET FOR PREPARATION OF
## TRIAL SCHEDULE AND DISCOVERY PLAN

### Effective May 23, 2017

Counsel for the parties shall confer, as required by Federal Rules of Civil Procedure 16 and 26 and Local Rules 16 and 26, and submit to the Clerk of Court on the attached form a stipulated proposed scheduling and discovery plan. **Follow this worksheet during your Rule 16(b) and 26(f) conference. The deadlines referred to in the worksheet are suggested deadlines except for the dispositive motion deadline, which MUST be at least 150 days before the trial ready date, which must be within 18 months of the filing of the complaint or notice of removal. Submit only the attached two-page proposed scheduling and discovery plan to the Clerk of Court. DO NOT FILE EITHER THE WORKSHEET OR THE PROPOSED SCHEDULING AND DISCOVERY PLAN.**

Please carefully review the Local Rules for a more complete description of the District's requirements for pretrial case management (*available at www.iand.uscourts.gov*). After the Court receives the parties' proposed scheduling and discovery plan, it will schedule a Rule 16(b) and 26(f) conference call with the parties to discuss the proposed schedule and plan, along with other pretrial issues.

1

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 1. INITIAL DISCLOSURES AND ELECTRONICALLY STORED INFORMATION:

State whether the parties (a) entered into an agreement during the Rule 26(f) conference resolving all issues relating to the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this action, and (b) discussed the preservation, disclosure, and discovery of electronically stored information: _____ yes _____ no

If any party objects either to making the initial disclosures or to the timing of the initial disclosures, then **within 14 days after the scheduling and discovery plan is submitted**, the objecting party must serve and file a document in which the objections are set forth with particularity.

If the parties have entered into an agreement concerning the timing of the initial disclosures, state the date by which the initial disclosures will be made: _____

(insert date)

Unless a different deadline is set by agreement of the parties or court order, or unless a party objects to making the initial disclosures or to the timing of the initial disclosures, Local Rule 26(a) requires that the initial disclosures be made **within 14 days after the parties' Rule 26(f) conference**.

Federal Rule of Civil Procedure 26(a)(1) describes the information the parties must, without awaiting a discovery request, provide to other parties. Parties are required to comply fully with Rule 26(a)(1).

If the parties have any other disputes concerning initial disclosures or the preservation, disclosure, or discovery of electronically stored information, or are aware of any other issues relating to scheduling or planning that might benefit from the early intervention of the court, the parties should raise the dispute with the Magistrate Judge during the pretrial discovery and planning conference.

2

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 2. <u>ADDING PARTIES:</u>

State the deadline for filing motions to add parties: _____

(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 3. <u>AMENDING PLEADINGS:</u>

State the deadline for filing motions to amend pleadings: _____

(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 4. <u>EXPERT WITNESSES:</u>

State the deadlines for the parties to disclose, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C), all "expert witnesses" who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

Plaintiff's experts: _____

(insert date)

Defendant's experts: _____

(insert date)

Plaintiff's rebuttal experts: _____

(insert date)

The deadlines for the plaintiff to disclose experts, for the defendant to disclose experts, and for the plaintiff to disclose rebuttal experts should be no more than **3 months**, **5 months**, and **6 months**, respectively, after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court. Except as otherwise stipulated by the parties or ordered by the court, the parties must, by these deadlines, provide full disclosure of expert information as required by Federal Rule of Civil Procedure 26(a)(2).

3

<strong>WORKSHEET – DO NOT FILE – WORKSHEET</strong>

## 5. __DISCOVERY:__

State the date by which all discovery will be *completed*, not propounded:_____

(insert date)

Note that this is the date for completion of discovery, not the date when discovery is to be propounded. This deadline should be **no more than 8 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**. Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery responses as soon as practicable. **All discovery responses must be supplemented at least 30 days before the close of discovery**.

## 6. __DISPOSITIVE MOTIONS:__

State the deadline for filing dispositive motions: _____

(insert date)

This deadline **must be at least 150 days before the trial ready date**, but should be **no more than 9 months after the date the proposed scheduling and discovery plan is submitted to the Clerk of Court**.

## 7. __TRIAL READY DATE:__

State the date on which the parties anticipate the case will be ready for trial: _____

(insert date)

This deadline should be **no more than 14 months after the date the proposed scheduling and discovery plan is submitted to the court**, but **must not be less than 150 days after the dispositive motion deadline and not more than 18 months after the filing of the complaint or notice of removal**.

## 8. __JURY DEMAND:__

State whether a jury demand has been filed: _____ yes _____ no

4

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 9. ESTIMATED LENGTH OF TRIAL:

State your estimate of the number of days required for trial:  _____

(insert number of trial days)

For jury trials, include in your estimate the time required for jury selection, opening statements, closing arguments, and instructions.  If circumstances change, the parties should immediately notify the court.  **In any event, the parties should notify the court of any change in the time required for trial and of their new estimated length of trial at least 30 days before the trial readiness date in paragraph 7.**

## 10. CONSENT TO MAGISTRATE JUDGE:

State whether the parties unanimously consent, or do not unanimously consent, to trial, disposition, and judgment by a United States Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals.

_____ yes, we unanimously consent       _____ no, we do not unanimously consent

You may consent in either a jury or non-jury case.  Cases consented to the United States Magistrate Judge will be set for trial on a **date certain**.

## 11. FILING OR DELIVERY OF FORM TO CLERK OF COURT:

Print or type the names, addresses, telephone and fax numbers, and e-mail addresses on the proposed scheduling and discovery plan; sign the proposed and plan, and e-mail the form to the following e-mail address:  ecfmail@iand.uscourts.gov.  **Be sure to include** _both_ **pages of the proposed schedule and plan.**

**WORKSHEET – DO NOT FILE – WORKSHEET**

IN THE UNITED STATES DISTRICT COURT
FOR THENORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

_____,

Plaintiff(s),

vs.

_____,

Defendant(s)

)
)
)
)
)
)
)
)
)
)

NO.

**SCHEDULING AND
DISCOVERY PLAN**

Counsel have conferred and submit the following case information and proposed dates for case management:

**1.** Did the parties both (a) enter into an agreement during the Rule 26(f) conference resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? \_\_\_\_ **yes** \_\_\_\_\_ **no** If the parties have agreed to a deadline for making the initial disclosures, state the date by which the initial disclosures will be made: _____

*If any party objected during the Rule 26(f) conference to making or to the timing of the initial disclosures, then the objecting party must, within 14 days after this schedule and plan has been submitted, serve and file a document in which the objections are set forth with particularity.*

2. Deadline for motions to add parties:

3. Deadline for motions to amend pleadings:

4.  Expert witnesses disclosed by: a)  Plaintiff:

b)  Defendant:

c)  Plaintiff Rebuttal:

5.  Deadline for *completion* of discovery:

6.  Dispositive motions deadline (*at least 150 days before Trial Ready Date*):

7.  Trial Ready Date (*at least 150 days after Dispositive Motions Date*):

8.  Has a jury demand been filed?  _____ **yes**  _____ **no**

9.  Estimated length of trial:  _____ days

10. Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)?  _____ **yes**  _____ **no**

11. Are each of the attorneys in this case admitted to practice in the Northern District of Iowa pursuant to Local Rule 83?  \_\_\_\_**yes**  _____**no**

_____  _____

Plaintiff(s):  Defendant(s):
Address:  Address:
Telephone:  Telephone:
Facsimile:  Facsimile:
Email address:  Email address:

_____

Third-Party Defendant(s)\Other:
Address:
Telephone:
Facsimile:
Email address:

## LR 73  CONDUCT OF TRIALS AND DISPOSITION OF CIVIL CASES BY MAGISTRATE JUDGES UPON CONSENT OF THE PARTIES – 28 U.S.C. § 636(c)

Upon consent of the parties and the entry of an order of referral by a district court judge, magistrate judges are hereby specifically designated, pursuant to 28 U.S.C. § 636(c), to conduct trials and otherwise dispose of any civil case filed in this court. After an order of referral is entered in a case, a magistrate judge may conduct all proceedings in the case, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings, a magistrate judge may hear and determine any pretrial and post-trial motions, including case-dispositive motions.

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _Defendant_ | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

   _Notice of a magistrate judge's availability._  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

   You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

   _Consent to a magistrate judge's authority._  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| _Printed names of parties and attorneys_ | _Signatures of parties or attorneys_ | _Dates_ |
|---|---|---|
| | | |
| | | |
| | | |

## Reference Order

   **IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
_District Judge's signature_

_____
_Printed name and title_

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States
         magistrate judge.  Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
|  | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
| *Defendant* | ) |  |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# LR 41  DISMISSALS OF ACTIONS

a.  **Involuntary Dismissals.**  After giving the parties the notice prescribed in section (c) of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:

   1.  Where service has not been made on any defendant within 90 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 97 days after the filing of the complaint setting forth good cause for why service has not been made; or

   2.  As to a particular defendant, where service has been made upon that defendant and neither an answer nor a request for other action has been filed as to that defendant within 30 days after the date the answer was due; or

   3.  Where a default has been entered and a motion for entry of judgment by default in accordance with Federal Rule of Civil Procedure 55(b) has not been made within 30 days after the entry of default, unless the plaintiff advises the Clerk of Court that further court action is necessary before a default judgment can be sought; or

   4.  Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

b.  **Dismissal of Settled Cases.**  The Clerk of Court may, for internal statistical purposes, immediately close a case upon being advised by one or more of the parties that the action has been settled. Within 30 days after advising the court that an action has been settled, the parties must file such documents as are required to terminate the action. If the parties fail to do so, the Clerk of Court may, after giving the parties the notice prescribed in section (c) of this rule, enter an order dismissing the action with prejudice.

   Either party may seek reinstatement of a case dismissed under this section within 60 days after the date of the dismissal order by serving and filing a motion to reinstate the case. The motion must show good cause as to why the settlement was not consummated. This paragraph does not diminish any obligation of a party to perform under an otherwise enforceable settlement agreement.

c.  **Notification by Clerk of Court.**  At least 14 days before dismissing a case pursuant to section (b) or (c) of this rule, the Clerk of Court will mail or electronically transmit a notice and a copy of this rule to all counsel of record and any pro se parties. The notice will state that the case will be dismissed unless, by the deadline specified in the notice, either the required action is taken or good cause is shown for not dismissing the case.

   This rule does not restrict the authority of the court to dismiss a case, with or without prejudice, for good cause.  Good cause could include the failure of a party to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

# CM/ECF ATTORNEY REGISTRATION FORM

*If you are applying for Admission to this Court, do not submit this form. You must go to our website at:* **www.iand.uscourts.gov**, *click on Information for Attorneys and then Admission to the Northern District of Iowa*.

This form shall be used to register for an account on the Case Management/Electronic Case Filing (CM/ECF) system for the U.S. District Court for the Northern District of Iowa. A registered attorney is allowed to electronically file documents, and review and retrieve electronic docket sheets and documents on the CM/ECF system.  The following information must be completed for registration.

First/Middle/Last Name: _____

Attorney Bar ID/State: _____

Are you admitted to practice in the Northern District of Iowa?  ☐ Yes  ☐ No

Admission Date to the Northern District of Iowa: _____

Firm Name: _____

Address: _____

City: _____  State: _____  Zip: _____

Telephone Number: _____  Fax Number: _____

Your email address: _____

Additional email addresses to include on account:

_____

_____

Name of Federal Court Bar(s) you belong to:

_____

Do you currently have a login for CM/ECF for another US District Court?  ☐ Yes  ☐ No

If yes, and you wish to use the same login and password for this District Court, please list below (password must be at least 8 characters, include a capital letter, a symbol and a number.)

_____  _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1. The system is for use only in cases designated by the U.S. Courts for the Northern District of Iowa. The system may be used to file and view electronic documents and docket sheets.

2. Each attorney desiring to file pleadings or other papers electronically must complete and sign a CM/ECF Attorney Registration form. An attorney's password issued by the court, combined with the user's identification (login), serves as and constitutes the attorney's signature. Therefore, an attorney must protect and secure the password issued by the court. If there is any reason to suspect the password has been compromised in any way, such as resignation or reassignment of the person with authority to use the password, it is the duty and responsibility of the attorney to notify the court immediately. The court will immediately delete the password from the electronic filing system and issue a new password.

3. Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion and other paper shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. The electronic filing of a petition, pleading, motion or other paper by an attorney who is a registered participant in the Electronic Filing System shall constitute the signature of that attorney under Federal Rule of Civil Procedure 11.

4. Registration as a Filing User constitutes: (1) consent to receive notice electronically and waiver of the right to receive notice by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D); (2) consent to electronic service and waiver of the right to service by personal service or first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) except with regard to service of a summons and complaint. Waiver of service and notice by first class mail applies to notice of the entry of any order or judgment.

5. A user accesses court information via the court's Internet site or through the Public Access to Court Electronic Records (PACER) Service Center. Although the court manages the procedures for electronic filing, all electronic public access to case file documents occurs through PACER. A PACER login is required in addition to the password issued by the court. To register for PACER, a user must complete the online form or submit a registration form, available on the PACER website (http://pacer.psc.uscourts.gov)

**Upon completion of this form, email it to:**         ecfmail@iand.uscourts.gov

**Subject Line:**                                        "ECF Attorney Registration"

Date: _____

(type name) s/ _____

Name: _____

Firm Name: _____

Mailing Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____

E-mail Address: _____

**COURT USE ONLY**

| | |
|---|---|
| Login | |
| Password | |
| Issuer | |
| Date sent to user | |

# Privacy Notice

**To Pro Se Litigants and Counsel of INTERNET Availability of Civil Case File Information**

The United States District Court for the Northern District of Iowa makes the content of cases available on PACER. Any subscriber to PACER will be able to read, download, store and print the full content of documents filed into the electronic docket

To comply with the policy of the Judicial Conference of the United States and the E-Government Act, **filing parties shall omit**, or, where inclusion is **necessary**, partially redact (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

1) Minors' names: Use the minors' initials (Only Initials);
2) Financial account numbers: Identifying the financial institution and name Or type of account, but use only the last four numbers of the account number;
3) Social Security numbers: Use only the last four numbers;
4) Dates of birth: Use only the year; and
5) Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

1) Personal identifying number, such as driver's license number;
2) Medical records, treatment and diagnosis;
3) Employment history;
4) Individual financial information; and
5) Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

## SEALING OF DOCUMENTS

The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Rules relating to the sealing of documents are controlled by Rule 5(c) of the Local Rules of Civil Procedure for the Northern District of Iowa. A party wishing to file a document containing the personal information specified above may move for leave to file and unredacted document under seal. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file.