# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE,

     Plaintiff(s),

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

     Defendant.

No. 6:18-cv-02063-CJW

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION AT LAW**

---

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this motion under Fed. R. Civ. P. 12(b)(6) for dismissal of the First Amended Petition at Law (the "Petition") brought by Plaintiff Vanessa Lee ("Plaintiff") dated July 19, 2018. Specifically, Lincoln seeks dismissal of the Petition because the asserted cause of action asserts a state law cause of action against Lincoln that is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").[1]

## I.
## GROUNDS FOR THE MOTION AND
## STATEMENT OF THE ISSUE

Plaintiff instituted this action by filing a Petition at Law on or about July 17, 2018 and a First Amended Petition at Law on July 19, 2018 in the District Court, Fayette County, Iowa, Case No. CVCV055206. Lincoln received the request to waive service of the petition on August 1, 2018 and removed the case to this Court by Notice of Removal filed on August 30,

---

[1] Lincoln does not oppose the Court allowing Plaintiff to file a second amended petition that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action.

2018. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

Federal question jurisdiction arises in this matter because the Petition asserts a state law claim that is preempted by ERISA. The Petition seeks relief on the basis of accidental death benefits allegedly due under a group life insurance contract (Petition ¶¶ 3-8). That contract was the group life insurance policy (the "Policy") issued by Lincoln that insured benefits pursuant to the Ashley Industrial Moldings, Inc. Life Benefit Plan ("Plan"), which provides life and accidental death benefits to employees of Ashley Industrial Moldings, Inc. ("Ashley"). Plaintiff's spouse, John Lee (the "Decedent") was an employee of Ashley. (Petition at ¶¶ 4 and 19). Plaintiff attached a copy of the Policy to the Petition as Exhibit A (Petition Document 1-2, pp. 13-37). The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined ERISA, and Plaintiff alleges in the Petition that the Policy was "to be provided to said Ashley's employees, as a benefit of said employees employment package." (Petition at ¶ 3). In the Petition, Plaintiff seeks recovery under a cause of action for breach of contract (Petition at ¶ 22). However, based on the face of the Petition, this state law cause of action is preempted by ERISA, as a matter of law, and the Petition must be dismissed. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested. Liberty Life's arguments are set forth in detail in its Brief in Support of this Motion, filed contemporaneously with this Motion and incorporated herein.

---

[2] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

**II.**
**<u>REQUEST FOR RELIEF</u>**

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive.  <u>Aetna Health Inc. v. Davila</u>, <u>supra</u>.  All state laws invoked by or on behalf of beneficiaries relating to a denial of benefits under a group employee welfare benefit plan, such as those asserted in the Petition, are preempted by ERISA.  For the reasons and authorities discussed in the Brief in Support of this Motion, Lincoln respectfully requests the Court dismiss Plaintiff's Petition against it with prejudice, dismiss any claims by Plaintiff for damages under the state law cause of action, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Lincoln any other relief to which it shows itself justly entitled.

       Respectfully submitted on September 6, 2018.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By:     /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

AND

**LEDERER WESTON CRAIG PLC**

By:    /s/ Brenda K. Wallrichs

        Brenda K. Wallrichs  AT0008203
        118 Third Avenue SE, Suite 700
        P. O. Box 1927
        Cedar Rapids, IA  52406-1927
        Phone:  (319) 365-1184
        Fax:   (319) 365-1186
        E-mail:  bwallrichs@lwclawyers.com

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Iowa, Eastern Division, using the ECF system which will send notification of such filing to the following counsel of record:

**Counsel for Plaintiff:**
Larry F. Woods
Email:  lfwoods@trxinc.com

        /s/ Iwana Rademaekers

        Iwana Rademaekers