# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE,<br><br>   Plaintiff(s),<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>   Defendant. | No. 6:18-cv-02063-CJW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION AT LAW** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this brief in support of its motion filed under Fed. R. Civ. P. 12(b)(6) for dismissal of the First Amended Petition at Law (the "Petition") brought by Plaintiff Vanessa Lee ("Plaintiff") dated July 19, 2018. Specifically, Lincoln seeks dismissal of the Petition because the asserted cause of action asserts a state law cause of action against Lincoln that is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").[1]

## I.
## GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

Plaintiff instituted this action by filing a Petition at Law on or about July 17, 2018 and a First Amended Petition at Law on July 19, 2018 in the District Court, Fayette County, Iowa, Case No. CVCV055206. Lincoln received the request to waive service of the petition on August 1, 2018 and removed the case to this Court by Notice of Removal filed on August 30,

---

[1] Lincoln does not oppose the Court allowing Plaintiff to file a second amended petition that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION**
**TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION**  **1**

2018.  Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

Federal question jurisdiction arises in this matter because the Petition asserts a state law claim that is preempted by ERISA.  The Petition seeks relief on the basis of accidental death benefits allegedly due under a group life insurance contract (Petition ¶¶ 3-8).  That contract was the group life insurance policy (the "Policy") issued by Lincoln that insured benefits pursuant to the Ashley Industrial Moldings, Inc. Life Benefit Plan ("Plan"), which provides life and accidental death benefits to employees of Ashley Industrial Moldings, Inc. ("Ashley").  Plaintiff's spouse, John Lee (the "Decedent") was an employee of Ashley. (Petition at ¶¶ 4 and 19).  Plaintiff attached a copy of the Policy to the Petition as Exhibit A (Petition Document 1-2, pp. 13-37).  The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined ERISA, and Plaintiff alleges in the Petition that the Policy was "to be provided to said Ashley's employees, as a benefit of said employees employment package." (Petition at ¶ 3).  In the Petition, Plaintiff seeks recovery under a cause of action for breach of contract (Petition at ¶ 22).  However, based on the face of the Petition, this state law cause of action is preempted by ERISA, as a matter of law, and the Petition must be dismissed.  Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested.

---

[2]  For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true.  However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION**                                    **2**

## II.
## ARGUMENT AND AUTHORITIES

**A.**     **Standard Governing Rule 12(b)(6) Motion to Dismiss.**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[3]  A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4]  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5]  Plaintiff has failed to meet this burden with regard to the Petition and it must be dismissed.

**B.**     **The Accidental Death Benefits Sought by Plaintiff in the Petition are Benefits from an "employee welfare benefit plan" Governed by ERISA.**

It is clear that the benefits claims in the Petition are sought from an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or <u>benefits in the event of</u> sickness, accident, disability, <u>death</u> or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C.S. § 186(c)] . . . .[6]

---

[3]     Fed. R. Civ. P. 12(b)(6).
[4]     <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007); <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir.2008).
[5]     <u>Id.</u>  <u>Benton v. Merrill Lynch & Co.</u>, 524 F.3d 866, 870 (8th Cir.2008)
[6]     29 U.S.C. § 1002(1) (emphasis added).

Based on the facts pled in the Petition, it is apparent that to fulfill obligations created under the Plan, Ashley entered into a contract (the Policy) with Lincoln. Through the Plan, the Decedent was extended life benefits as a participant in the Plan, which was sponsored by Ashley. Further, Plaintiff alleges in the Petition that the Policy was "to be provided to said Ashley's employees, as a benefit of said employees employment package." (Petition at ¶ 3). Accordingly, the Plan was established and maintained by Ashley and provided life benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the Plan is an ERISA plan based on the face of the Petition and ancillary documents.

### C.    Plaintiff's State Law Causes of Action are All Preempted by ERISA.

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA's broad preemption provision is uniformly recognized as "the most sweeping federal preemption statute ever enacted by Congress." Sejman v. Warner-Lambert Co., 845 F.2d 66, 68 (4th Cir. 1988). The preemption provision declares that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law is defined in the statute as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Thus, if Plaintiff's state law claims "relate to" an employee benefit plan,

they are preempted by ERISA.  ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled.  FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Policy that the plan at issue is an ERISA plan.  Further, the only conduct of Lincoln about which Plaintiff complains in the Petition is Lincoln's denial of Plaintiff's accidental death benefits under the plan.  Therefore, it is clear that the Court must refer to the Policy issued by Lincoln to Decedent's employer and the relevant plan documents in assessing Plaintiff's state law causes of action.  Thus, Plaintiff's causes of action directly "relate to" the plan and are preempted.

The phrase "relate to" has been interpreted by the Supreme Court and "given its broadest common-sense meaning such that a state law 'relates to' a benefit plan . . . 'if it has a connection with or reference to such a plan.'"  Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (quoting Shaw v. Delta Airlines, 463 U.S. 85, 97 (1983)).  The Supreme Court further emphasized that the preemption clause was not limited to "state laws specifically designed to affect employee benefit plans."  Shaw v. Delta Airlines, 463 U.S. at 97.  Whether the "connection with" or "reference to" is direct or indirect, the state law will be preempted.  Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 525 (1981); Aetna Health Inc. v. Davila, 542 U.S. at 208 (ERISA's "expansive pre-emption provisions … are intended to ensure that employee benefit plan regulation would be exclusively a federal concern") (emphasis added).  The extraordinary breadth of ERISA's preemption provision was intended "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law" and "to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government."  N.Y. State Conference of Blue Cross & Blue

Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 656 (1995) (internal quotations and citations omitted).

Additionally, as reflected by the Petition, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms]."); Parkman v. Prudential Ins. Co. of America, 439 F.3d 767, 771 (8th Cir.2006). ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. The Eighth Circuit has expressly held that ERISA preempts breach of contract actions asserting a breach of ERISA plans. Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005). Accordingly, Plaintiff's state law cause of action in the Petition is clearly preempted by ERISA, and this Motion to Dismiss should be granted.

**V.**
**REQUEST FOR RELIEF**

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. Aetna Health Inc. v. Davila, supra. All state laws invoked by or on behalf of beneficiaries relating to a denial of benefits under a group employee welfare benefit plan, such as those asserted in the Petition, are preempted by ERISA. For the reasons and authorities discussed above, Lincoln respectfully requests the Court dismiss Plaintiff's Petition against it with prejudice, dismiss any claims by Plaintiff for damages under the state law cause of action,

award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Lincoln any other relief to which it shows itself justly entitled.

Respectfully submitted on September 6, 2018.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By:  /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

LEDERER WESTON CRAIG PLC

By:  /s/ Brenda K. Wallrichs
Brenda K. Wallrichs  AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA  52406-1927
Phone: (319) 365-1184
Fax:  (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Iowa, Eastern Division, using the ECF system which will send notification of such filing to the following counsel of record:

**Counsel for Plaintiff:**
Larry F. Woods
Email:  lfwoods@trxinc.com

/s/ Iwana Rademaekers
Iwana Rademaekers