IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

---

| | |
|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE<br>Plaintiff,<br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | CASE NO. 6:18-CV-02063-JCW<br><br>**MOTION TO DISMISS THE TRANSFER OF THE CASE TO THE FEDERAL DISTRICT COURT and REMAND CASE TO THE IOWA DISTRICT COURT** |

---

COMES NOW the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, and hereby moves the Federal District Court for the Northern District of Iowa to remand this case to the State of Iowa District Court. In support of this Motion, the Plaintiff, Vanessa Lee, individually and as Executor of the John Lee Estate states that the Federal Court lacks jurisdiction over this matter.

In support of the Plaintiff, Vanessa Lee's Motion, she states to the Court as follows:

1. Plaintiff's action is a simple breach of contract action. She seeks to collect the benefits from an accidental death life insurance policy. Nothing she seeks is for the benefit of the plan. There is no question interpreting the plan nor any benefit being sought for the plan members.

2.    The reference ERISA Practice Handbook by Jenner and at page 15 states, that "Courts do not often distinguished between standing to sue and ability to bring a cause of action, truly they are largely the same.  For example, a participant has standing to sue an ERISA fiduciary under Section 1132(a)(2), but the relief runs to the plan, not to the individual.  The individual participant may have standing to sue the fiduciary, but is none the less unable to maintain the action where the relief is only for her individual person.  Further equitable relief appears to be required, and when the only relief sought is legal or monetary, the individual does not have standing to sue in federal court under ERISA.   See Keeser vs. Plumber's Pension Fund Local 130, 877 F.Supp. 1198  (N.D. Ill. 1985)

3.  Applying this standing of Section 1132(a)(2), would have prevented the Plaintiff from bring her cause action that was filed in State Court, directly in this Federal Court. She is seeking only monetary damages for breach of contract. The is no federal law or interpretation of any provisions of the ERISA plan being brought before said Court.

4.    Further the United States Supreme Court case of Varity Corp. vs. Howe, 516 U.S. 489, 491, held that where the relief sought was monetary relief, and no equitable

relief was being sought, was necessary for the Court jurisdiction. In this case the only damages being sought by the Plaintiff is for monetary damages.

5. Nothing contained in Section 1132(a)(2) or in any other section grants exclusive jurisdiction to the Federal Court merely because the insurance policy was issued under a ERISA plan. Thus, the facts and circumstances of this case does not allow the federal court to take jurisdiction of this matter.

WHEREFORE, your Plaintiff, Vanessa Lee, in both of her capacities, pray that the Federal Court determine that it does not have jurisdiction over the subject matter, and remand this case to the Iowa District Court.

Respectfully submitted,

Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA 50662
lfwoods@trxinc.com
Ph. 319-283-3204
ATTORNEY FOR THE PLAINTIFF,
VANESSA LEE, Individually and
as the Executor of the
JOHN LEE ESTATE

Original filed by Pacer with the Clerk of Court for the Northern District of Iowa
Copy faxed to Defendant's counsel on this 12th day of October, 2018.