IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

---

| | |
|---|---|
| VANESSA LEE, Individually ) as Executor of the JOHN ) LEE ESTATE )      Plaintiff, ) v. ) ) ) THE LINCOLN NATIONAL LIFE ) INSURANCE COMPANY, )      Defendant. ) | CASE NO. 6:18-CV-02063-JCW  **PLAINTIFFS RESISTANCE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM** |

---

COMES NOW the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, and for her Resistance to the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted. In support of the Plaintiff's Resistance to Defendants Motion, the Plaintiff, Vanessa Lee, individually and as Executor of the John Lee Estate states to the Court as follows:

1. Plaintiff's cause of action is a simple breach of contract action. She seeks to collect the benefits from an accidental death life insurance policy.

2. The Plaintiff has made a claim for benefits from the insurance policy. She has followed all of the requirements for making the claim, and followed all required procedures under the terms of the contract. The Plaintiff has exhausted

her administrative remedies. Each time, the insurance carrier has denied the claim.

3. Defendant's actions of accepting the claim and requiring the Plaintiff to follow its administrative rules regarding attempts to collect on the policy establishes that there is a contract between the parties. The Contract between the parties specifically allows suit, after exhaustion of the specified administrative appeal process. Plaintiff's action is based on the provisions contained in the contract drafted by the Defendants, which refers to and specifically allows legal actions. A copy of Page 16 of the policy which specifically mentions legals actions is attached to this Resistance, marked Exhibit A and made a part hereof by this reference as though fully set forth hereat word for word.

4. That the insurance contract provides that any cause of action must be brought not earlier than 60 days after the required written proof of the claim, and requires it be brought within 3 years. This action was filed more than 60 days after proof, and less than 3 years after the death of the insured, John Lee.

5. That for the Court to sustain the Defendant's Motion to Dismiss in this matter, the only thing that can be considered in the pleadings.

6. The pleading must be viewed in light most favorable to the Plaintiff.

7. The Plaintiff's Petition pleads that there is a contract between the insured, John Lee, and the Defendant, Lincoln Life National Insurance Company.

8. The Petition sets forth that John Lee has died as a result of the accident. Throughout the required administrative procedure, the Defendant has never denied that John Lee died as a result of an accident, nor has it ever contended that there was a separate procedure from the contract procedure set forth on Page 16 of the contract.

9. It appears that the Defendant's position is that there is not any action that can be maintained for an unspecified reason under ERISA. Yet the contract between the parties specifically allows such an action.

10. The Administrative Procedure which had been outlined by contract, and participated in by Plaintiff was only through offices of the Defendant's insurance carrier. To Plaintiff, it appears that all of the decisions were made by employees of the defendants. Equal Protection and Due Process clauses of the Iowa and United States Constitutions require as the final arbitrator, an independent tribunal to make the final decision. To Plaintiff, the Defendant's

position would clearly deny all of the persons who entered into such a contract equal protection and due process of law under the applicable constitutions, if ERISA were somehow construed to bar actions which are specifically allow in the contract.

11. The Court should overrule the Defendant's Motion to Dismiss since Plaintiff's Petition, does set forth a cause of action upon which relief can be granted in accord with the terms of the contract entered into between the parties.

12. Without waiving the aforesaid, the Defendants state that the Plaintiff's is seeking to bring this action as a state remedy. The grant of the right to bring a cause of action by contract is both a right and remedy recognized by both State and Federal Law. That portion of the contract regarding legal actions state: "No legal action to recover any benefits may be brought until 60 days after the required written proof of claim has been given. No such legal action may be brought more than three years after the date written proof of claim is require."

However, other sections of the contract deal with bringing an action under ERISA,. Above the "Legal Action" paragraph just cited, the contract, on page 16 also states, "Before bring a civil legal action under the federal labor

law known as ERISA, an employee benefit plan participant or beneficiary must exhaust available administrate remedies. The section continues, If an ERISA claimant brings legal action under Section 502(a) of ERISA after the review, the Company ..."

13. The language contained in the paragraph "Claims Subject to ERISA" is significantly different that the language contained in the paragraph entitled "Legal Actions" In the "Legal Actions" paragraph there is not any mention of ERISA or any other jurisdictional or administrative requirements. This paragraph merely sets forth deadline. Thus, there are at least two different paragraphs in the contract. One dealing with actions brought under ERISA and one for other legal actions. Thus, an ERISA action is not to only action allow, and it not required Plaintiff bring the action under ERISA.

14. The Contract provisions allows "Legal Actions" that are not covered by ERISA, since there are no requirements for the exhaustion of administrative remedies. There are not any specifications of code sections which the action must be brought under or mention of ERISA. Thus, the contract both allows State Actions, and federal actions for breach of contract. Breach of contract is recognized as both a federal

or state cause of action. The insurance contract between the parties has, by its language specifically, waived any right the federal ERISA plan be its exclusive method of adjudication and determination of Plaintiff's cause of action.

15. A full analysis of what an ERISA plan is, is that it is a contract between the employer and employee. When there is a dispute between the parties, and when litigation is involved, the causes of action are basis on either an interpretation of the contracts or for a breach of contract. Defendants are trying to spin what is a contract action into some type of specialized action, by contending that the action must be brought under the guise of an ERISA action. This is simply not the case.

16. The correct alternative, if the Court finds that the action needs to be classified in some form of an ERISA action, would not be dismissal, but would be to require the Plaintiff to amend its Petition so that the pleading would be in an ERISA cause of action for breach of contract.

17. Plaintiff states that the action that was pled is an action brought under the paragraph contained on Page 16 of the insurance contract entitled "Legal Actions."

## RELIEF SOUGHT BY PLAINTIFF

WHEREFORE, the Plaintiff, Vanessa Lee, Individually and as Executor of the Estate of John Lee prays that the Court will overrule the Defendant's Motion to Dismiss in its entirety.

IT IS FURTHER PRAYED as an alternative, that the Court allow the Plaintiff to Amend the Petition to meet any requirements of pleading to bring the filed action within the purview of requirements to satisfy the ERISA requirements.

Respectfully submitted,

Larry F. Woods
Attorney at Law
24 North Frederick Avenue
Oelwein, IA   50662
lfwoods@trxinc.com
Ph. 319-283-3204
ATTORNEY FOR THE PLAINTIFF,
VANESSA LEE, Individually and
as the Executor of the
JOHN LEE ESTATE

Original filed by Pacer with the Clerk of Court for the Northern District of Iowa on the 18th day of October, 2018.

Copy faxed to Defendant's counsel on this 17th day of October, 2018.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true copy of the foregoing instrument to be served upon each of the attorneys of record of all parties to the above-entitled cause by PACER, or by fax, on the 17th day of October, 2018.

Larry F. Woods