# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| VANESSA LEE, *Individually and as Executor of the Estate of John Lee*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendant. | No. 18-cv-2063-CJW <br><br><br> **ORDER** |

The matters before the Court are two motions filed by Plaintiff Vanessa Lee, individually and in her capacity as Executor of the Estate of John Lee (collectively, "plaintiff"): Plaintiff's Motion for Extension of Time to File a Resistance to the Defendant's Motion to Dismiss & to File a Motion Challenging Jurisdiction ("motion to extend") (Doc. 11) and Plaintiff's Motion to Dismiss the Transfer of the Case to the Federal District Court and Remand Case to the Iowa District Court ("motion to remand") (Doc. 12).  For the following reasons, plaintiff's motion to extend is **granted in part** and **denied in part**, and plaintiff's motion to remand is **denied**.

## I.    BACKGROUND

On July 19, 2018, plaintiff filed her First Amended Petition at Law ("petition") in the Iowa District Court for Fayette County, Iowa.  (Doc. 4).  Plaintiff alleges that her husband, John Lee, passed away on July 19, 2015, as the result of an ATV accident.  (*Id.*, at ¶¶ 9-14).  Plaintiff claims that at all relevant times, Mr. Lee was an employee of Ashley Industrial Moldings, Inc. ("Ashley"), and that Mr. Lee was covered by an

accidental death policy that defendant issued to Ashley ("Policy"). (*Id.*, at ¶¶ 3-5). Defendant asserts that it issued the Policy pursuant to Ashley's Life Benefit Plan ("Plan"). (Doc. 9-1, at 2). Plaintiff asserts that she is Mr. Lee's named beneficiary for accidental death benefits under the Policy and that defendant has denied paying plaintiff accidental death benefits under the Policy. (Doc. 4, at ¶¶ 7, 20). Plaintiff's petition asserts a single count against defendant for breach of contract. (Doc. 4, at 1).

On August 30, 2018, defendant timely removed this case to this Court based on both federal question jurisdiction and diversity jurisdiction (*see* Doc. 1, at ¶¶ 5-7; Doc. 1-2, at 43). 28 U.S.C. §§ 1331-32, 1446(b)(1). On September 6, 2018, defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). Defendant argues that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's state-law breach-of-contract claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Doc. 9). Plaintiff's response to defendant's motion to dismiss was due by September 20, 2018. (LR 7(e)). On September 25, 2018, the Court issued an Order providing plaintiff until September 28, 2018, to file a motion to extend the time for plaintiff to resist defendant's motion to dismiss with plaintiff's resistance attached. (Doc. 10). The Court further stated that if plaintiff did not file such a motion, the Court would consider defendant's motion to dismiss fully submitted and would rule on the motion. (*Id.*).

On October 12, 2018, plaintiff filed the instant motions. (Docs. 11, 12). Plaintiff requested additional time to resist defendant's motion to dismiss, and additional time to determine if there are grounds to challenge defendant's removal of this case to this Court. (Doc. 11). In support of plaintiff's motion to extend plaintiff's counsel alleges that he has not actively practiced in federal court for approximately six years, and he did not timely resist defendant's motion to dismiss because he was unable to access defendant's motion via the ECF system. (Doc. 11, at ¶¶ 1, 3). In the motion to remand plaintiff

2

argues that plaintiff's breach of contract claim is not preempted by ERISA, and accordingly the Court lacks jurisdiction over plaintiff's claim. On October 17, 2018, plaintiff filed a resistance to defendant's motion to dismiss. (Doc. 13). Given the numerous and interrelated pleadings pending before the Court (Docs. 9, 11-13) the circumstances warrant the Court ruling on Plaintiff's pending motions without waiting for defendant's resistances. LR 7(e).

## II.   MOTION TO EXTEND

### A.   Applicable Law

A party moving to extend a deadline after the deadline has expired must show good cause and that the moving party's failure to act was due to excusable neglect. FED. R. CIV. P. 6(b)(1)(B).[1] The Court has discretion in granting or denying an extension of time under Rule 6. *See Pierce by Guardian v. Pemiscot Mem'l Health Sys.*, 657 F. App'x 613, 615 (8th Cir. 2016); *Mortensbak v. Butler*, 102 F. Supp. 3d 1085, 1091 (D.S.D. 2015). Courts do not take a party's failure to comply with deadlines lightly, but an extension may still be warranted after a deadline has passed because a resistance to a dispositive motion can be of assistance to the court. *Delta Alcohol Distrib. v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 687 (E.D. Mich. 2014).

The Federal Rules of Civil Procedure do not define "excusable neglect." "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal

---

[1] Plaintiff's motion to extend did not cite to Rule 6 as the basis for the motion. (Doc. 11). Under Local Rule 7(b)(2) "[a] motion must contain citations to all statutes or rules under which the motion is being made." Further, plaintiff's motion to extend is a non-dispositive motion, and accordingly plaintiff's counsel was required to include a representation that plaintiff's counsel conferred in good faith with defendant's counsel and a statement of whether or not defendant's counsel agreed to the extension. LR 7(k). The Court will consider plaintiff's motion to extend, but the Court may strike future motions that do not comply with the Local Rules.

3

quotations and footnote omitted). A court's determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Relevant circumstances include:

> (1) the danger of prejudice to the non-moving party;
>
> (2) the length of delay and its potential impact on judicial proceedings;
>
> (3) the reason for the delay, including whether it was within the reasonable control of the movant; and
>
> (4) whether the movant acted in good faith.

*Treasurer, Trustees of Drury Indus., Inc. Health Care Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012)). The reason for the delay is the most important circumstance. *Id.* Excusable neglect may include delays caused by inadvertence, mistake or carelessness, and excusable neglect is not limited to circumstances outside the movant's control. *Id.*

### B. Discussion

In evaluating the relevant circumstances in this case, the Court concludes that plaintiff has, by the narrowest of margins, demonstrated good cause and excusable neglect for failing to timely file a resistance to defendant's motion to dismiss, but has not demonstrated good cause or excusable neglect to justify an extension of time to file an additional motion to remand. The Court's analysis begins with the most important circumstance, the reason for plaintiff's delay. The stated reason for plaintiff's delay in resisting defendant's motion to dismiss is that plaintiff's counsel was unable to access his ECF account to review defendant's motion to dismiss. (Doc. 11, at ¶ 3). Once plaintiff's counsel regained access to his ECF account, he promptly filed the instant motions. (*Id.*). The Eighth Circuit has noted that excusable neglect can include inadvertence or mistake, and excusable neglect does not need to be due to reasons outside the movant's control.

*Goding*, 692 F.3d at 893 (8th Cir. 2012)).  These circumstances, while within the control of the movant's attorney, support a finding of excusable neglect.

However, plaintiff's counsel's delay in restoring access to his ECF account sorely tests the limits of what neglect is excusable.  On August 30, 2018, Defendant filed its Notice of Removal (Doc. 1), and filed notice in the state court action advising the state court and plaintiff of defendant's removal of the state court action to this Court.  (Doc. 1-2, at 44-45).  Even if plaintiff's counsel did not receive notice of defendant's Notice of Removal from the ECF system, he should have been notified that defendant removed this case via the state court's electronic document management system ("EDMS").  Iowa R. Elec. P. 16.304.  Despite being aware of defendant's removal on or about August 30, 2018, plaintiff's counsel did not contact the Clerk of Court regarding his issues accessing the ECF system until October 12, 2018, approximately six weeks later.

In light of plaintiff's counsel's professional responsibilities, plaintiff's counsel's delay in resisting defendant's motion to dismiss strains the limits of neglect the Court can excuse.  Plaintiff's counsel asserts that "he has not been an active member of the Federal Bar" for approximately six years.  (Doc. 11, at ¶ 1).  However, plaintiff's counsel is currently admitted to practice before this Court.  This Court's Local Rules state "[a]ll lawyers admitted to practice before the court . . . must register to participate in the ECF system, and must submit all documents to be filed with the court electronically unless otherwise required or authorized . . . ."  LR 5A(b).  The Local Rules also adopt the Iowa Rules of Professional Conduct.  LR 81(f).  The Iowa Rules of Profession Conduct require that, as a part of the duty of competence, attorneys keep abreast in changes of the practice of law, including changes in relevant technology.  *See* Iowa R. Prof'l Conduct 32:1.1.[2]

---

[2] The Iowa Supreme Court has found that an attorney's failure to properly utilize EDMS, or to properly respond to a known issue with EDMS, may constitute a violation of the Iowa Rules of Professional Conduct.  *See Iowa Supreme Ct. Att'y Disciplinary Bd.v. Turner*, No. 18-0352, 2018 WL 4376823, at \*14 (Iowa Sept. 14, 2018) (holding that an attorney's repeated paper filing

Plaintiff's counsel is strongly advised the Court will not tolerate future delays of this nature in this or other cases, and any further delays of this nature may result in sanctions.

The totality of the relevant circumstances, however, weigh in favor of granting plaintiff's motion to extend the time to resist defendant's motion to dismiss. Given the early stage of this case, a short extension of time for plaintiff to resist defendant's motion to dismiss poses no risk of prejudice to defendant or significant delay in the judicial proceedings. Defendant is not prejudiced by plaintiff filing a late resistance because defendant will have the opportunity to file a reply. LR 7(g). Additionally, the parties have not submitted a proposed scheduling and discovery plan, and the Court has not set a trial date, so a brief extension for plaintiff to file a resistance does not jeopardize any deadlines. Further, there is no evidence that bad faith by plaintiff or plaintiff's counsel caused plaintiff's delay in resisting defendant's motion to dismiss. Plaintiff's counsel regained access to his ECF account on October 12, 2018, and filed the instant motions the same day. (Doc. 11, at ¶ 3; Doc. 12). Plaintiff filed her resistance to defendant's motion to dismiss five days later, on October 17, 2018. (Doc. 13).

Additional equitable considerations also weigh in favor of granting plaintiff's motion to extend as to plaintiff's resistance to defendant's motion to dismiss. Courts liberally construe the Federal Rules of Civil Procedure "to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th

---

of bankruptcy petitions in federal court, despite the court mandating electronic filing, along with other repeated omissions regarding attachments to bankruptcy petitions constituted a violation Iowa Rule of Professional 32:1.1 regarding competence); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Weiland*, 885 N.W.2d 198, 208 (Iowa 2016) (noting that an attorney's initial difficulty in filing a petition on EDMS alone did not constitute a violation of the rules, but holding that the attorney's delay in remedying the filing issue and failure to communicate the delay to his client constituted a violation of Iowa Rules of Professional Conduct 32:1.3 (diligence) and 32:3.2 (expediting litigation)).

Cir.1983)). The Eighth Circuit and this Court have noted a general preference for determining matters on their merits. *See Carter v. United States*, 123 F. App'x 253, 259 (8th Cir. 2005) ("[W]e prefer to have claims decided on the merits rather than on the pleadings . . .); *Branstad v. Veneman*, 212 F. Supp. 2d 976, 1005 (N.D. Iowa 2002) ("Judges naturally prefer that a person claiming to be injured shall have a chance to have his claim heard and decided on its merits."). Further, plaintiff's resistance and defendant's reply, should defendant chose to file one, may flesh out the issues in this case for the parties, and will assist the Court in ruling on the merits of defendant's motion to dismiss. Although plaintiff's counsel did not act with the appropriate urgency to restore his access to the ECF system, the remaining factors and equitable considerations outweigh the reason for the delay. The Court finds that there is good cause and excusable neglect with respect to plaintiff's delay in resisting defendant's motion to dismiss.

On the other hand, there is not good cause or excusable neglect with respect to plaintiff's delay in filing a motion to remand. First, to the extent plaintiff seeks an extension to file a motion remand asserting the Court's lack of subject matter jurisdiction, plaintiff's motion is moot. A party may file a motion to remand on based on the court's lack of subject matter jurisdiction at any time prior to final judgment. 28 U.S.C. § 1447(c). Further, plaintiff's current motion to remand (Doc. 12) is based on lack of subject matter jurisdiction, and therefore was timely and no extension is necessary.

Second, to the extent plaintiff seeks an extension of time to file a motion to remand based on some other defect, there is no good cause or excusable neglect to justify plaintiff's failure to timely file such a motion. A party has thirty days to file a motion to remand based on grounds other than subject matter jurisdiction. *Id.* Defendant filed a notice that it removed this case in state court that included a full copy of defendant's Notice of Removal. Notice to State Ct. of Def.'s Removal to Fed. Ct. at 3-6, *Vanessa Lee, Individually and as Ex'r of the John Lee Estate v. The Lincoln Nat'l Life Ins. Co.*,

Iowa Dist. Ct. for Fayette County, No. CVCV055206. Although plaintiff's counsel's inability to access the ECF system may have prevented him from formulating a defense on the merits to defendant's motion to dismiss, there is no reason why plaintiff's counsel could not timely determine the existence of any grounds for remand other than lack of subject matter jurisdiction. In light of plaintiff's ability to access defendant's Notice of Removal through the state EDMS system, and after considering all relevant circumstances set forth above, plaintiff has not demonstrated good cause or excusable neglect for plaintiff's failure to timely file a notice of removal based on grounds other than lack of subject matter jurisdiction.

Plaintiff's motion to extend (Doc. 11) is therefore **granted in part** and **denied in part**. The Court will consider plaintiff's resistance (Doc. 13) in ruling on defendant's motion to dismiss (Doc. 9), but the Court will not extend the time for plaintiff to file a motion to remand based on any defect other than lack of subject matter jurisdiction. Defendant's reply, if any, is due by **October 26, 2018**.

### III.    MOTION TO REMAND

#### A.    Applicable Law

A plaintiff may move to have a case remanded if the federal district court lacks subject matter jurisdiction or if the removal was otherwise improper. 28 U.S.C. § 1447(c). A party may file a motion to remand for lack of subject matter jurisdiction at any time before final judgment. *Id.* "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and internal quotation marks omitted). Federal district courts have "federal question" jurisdiction over claims arising under federal law and "diversity jurisdiction" over claims where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32.

8

### B. Discussion

The Court must deny plaintiff's motion to remand because plaintiff has not challenged the Court's diversity jurisdiction over plaintiff's claim. Defendant has asserted that this Court has both federal question and diversity jurisdiction. (Doc. 1, at ¶¶ 5-7). The sole basis for plaintiff's motion to remand is that ERISA does not govern plaintiff's claim, despite plaintiff's admission that the Policy was issued under an ERISA plan, and that, accordingly, the Court lacks federal question jurisdiction. (Doc. 12). Plaintiff does not challenge that the Court has diversity jurisdiction over plaintiff's claim. (Doc. 12).[3] Even if plaintiff's argument regarding the inapplicability of ERISA to plaintiff's claim is correct, the Court would still retain diversity jurisdiction over this case. The Court will not address the substance of plaintiff's argument regarding the applicability of ERISA to plaintiff's claim because it is not dispositive to the Court's ruling. Because plaintiff has not challenged the Court's diversity jurisdiction, plaintiff's motion to remand is **denied**.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Extension of Time to File a Resistance to the Defendant's Motion to Dismiss & to File a Motion Challenging Jurisdiction (Doc. 11) is **granted in part** and **denied in part,** and plaintiff's Motion to Dismiss the Transfer of the Case to the Federal District Court and Remand Case to the Iowa District Court (Doc. 12) is **denied**. The Court will consider plaintiff's Resistance to Defendant's Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (Doc. 13) in ruling on defendants Motion to Dismiss Plaintiff's First Amended Petition at Law (Doc. 9). Defendant's reply, if any, is due by **October 26, 2018**. The Court will not

---

[3] Because Plaintiff has not challenged the Court's diversity jurisdiction, the Court will not reach the merits of that issue, but it appears based on the allegations in plaintiff's First Amended Petition at Law (Doc. 4) and defendant's Notice of Removal (Doc. 1) that there are sufficient grounds for diversity jurisdiction.

extend the time for plaintiff to file any motion to remand based on grounds other lack of subject matter jurisdiction.

   **IT IS SO ORDERED** this 19th day of October, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa