# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| VANESSA LEE, *Individually and as Executor of the Estate of John Lee*, <br><br>Plaintiffs,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 18-cv-2063-CJW<br><br>**ORDER** |

The matters before the Court are defendant's Motion to Dismiss Plaintiff's First Amended Petition at Law (Doc. 9), plaintiff's[1] motion for leave to amend her petition (Doc. 13, at 6-7), and Defendant's Unopposed Motion to Extend the Deadline to Submit a Scheduling Report (Doc. 16). For the following reasons, defendant's motion to dismiss is **granted**, plaintiff's motion to amend is **granted**, and defendant's motion to extend is **granted**.

## *I.    BACKGROUND*

On July 19, 2018, plaintiff filed her First Amended Petition at Law ("the petition" or "petition") in the Iowa District Court for Fayette County, Iowa. (Doc. 4). Plaintiff alleges that her husband, John Lee, passed away on July 19, 2015, as the result of an ATV accident. (*Id.*, at ¶¶ 4, 9-14). Plaintiff claims that at all relevant times, Mr. Lee was an employee of Ashley Industrial Moldings, Inc. ("Ashley"), and that Mr. Lee was

---

[1] Vanessa Lee brought this action individually and in her capacity as the executor of the Estate of John Lee. The Court will refer to Ms. Lee in both capacities collectively as "plaintiff."

covered by an accidental death policy that defendant sold to Ashley (the "Policy"). (*Id.*, at ¶¶ 3-5). Defendant asserts that it issued the Policy pursuant to Ashley's Life Benefit Plan (the "Plan"). (Doc. 9-1, at 2). Plaintiff attached a copy of the Policy to the Petition and incorporated it by reference. (Docs. 4, at ¶ 17; 4-1). The Policy is a "Group Insurance Policy" issued by defendant to Ashley. (Doc. 4-1, at 1-4). Plaintiff asserts that she is Mr. Lee's named beneficiary for accidental death benefits under the Policy and that defendant has denied paying plaintiff accidental death benefits under the Policy. (Doc. 4, at ¶¶ 7, 20). Plaintiff's petition asserts a single count against defendant for breach of contract. (Doc 4).

On August 30, 2018, defendant timely removed this case to this Court based on both federal question jurisdiction and diversity jurisdiction (*see* Docs. 1, at 2-3; 1-2, at 43). 28 U.S.C. §§ 1331-32, 1446(b)(1). Defendant then filed its motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). Defendant argues that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's state-law breach of contract claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Doc. 9). In plaintiff's motion to extend the time to resist defendant's motion to dismiss, plaintiff stated "it is admitted that the policy was issued as a part of a [sic] ERISA Plan . . . ." (Doc. 11, ¶6). In her resistance, plaintiff argues that her claim is only a claim for breach of contract, not an ERISA claim, and, accordingly, plaintiff asserts that her breach of contract claim is not preempted. (Doc. 13, at 1-6). Plaintiff requests, in the alternative to the Court denying defendant's motion to dismiss, that the Court grant plaintiff leave to amend the petition "to satisfy the ERISA requirements." (Doc. 13, at 7). On October 29, 2018, defendant filed an unopposed motion to extend the deadline for the parties to file their scheduling order and discovery plan. (Doc. 16).

## II. MOTION TO DISMISS

### A. *Applicable Law*

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Prior to filing an answer, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the facts set forth in the complaint are sufficient for the Court to reasonably infer that the defendant is liable for the conduct alleged. *Id.*

In ruling on a motion to dismiss, the Court draws all reasonable inferences in favor of the nonmoving party and accepts all of the facts alleged in the complaint as true. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the face of the complaint, "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). The Court may also consider materials that are outside the complaint, but do not contradict the complaint, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Id.*; *see also Papasan v. Allain,* 478 U.S. 265, 269 n.1 (1986) (holding that the Supreme Court would consider historical documentation outside of the complaint

where the facts in the documents were not disputed by the parties, but the parties disagreed as to the legal significance of the facts).

   B.   *Discussion*

Defendant argues that plaintiff's sole claim for breach of contract claim is preempted by ERISA, and, accordingly, the petition fails to state a claim upon which relief may be granted. (Doc. 9-1, at 3-6). To determine if a claim is preempted by ERISA the Court must determine if the plan at issue is governed by ERISA, and if so, determine if the plaintiff's particular claim is preempted by ERISA. *See Van Natta v. Sara Lee Corp.*, 439 F. Supp.2d 911, 921-35 (N.D. Iowa 2006).

This Court has outlined ERISA's preemptive force as follows:

> Essentially, there are two components to ERISA's extensive preemptive force. First, ERISA § 514(a) expressly preempts all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . . 29 U.S.C. § 1144(a). . . . Second, ERISA § 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions. *See* 29 U.S.C. § 1132(a). The preemptive force of this ERISA subsection likewise casts a broad net. A state cause of action that would fall within the scope of this remedial scheme is preempted as conflicting with the intended exclusivity of the remedies provided for by ERISA's remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a).

*Van Natta*, 439 F. Supp.2d at 924-25 (internal citations omitted). Preemption under Section 514(a) is known as "express preemption" and preemption under Section 502(a) is known as "complete preemption." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir. 2005).

In drafting the express preemption provision, Congress gave broad meaning to the term "relate to," and courts have interpreted the express preemption provision to apply to claims having a "connection with or reference to" an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). A claim also relates to an ERISA plan where the claim is premised on the existence of an ERISA plan. *Estes v. Fed. Express Corp.*, 417

F.3d 870, 872 (8th Cir. 2005). Claims for breach of contract or vexatious refusal to pay benefits under an ERISA group insurance policy "relate to" the plan, and are preempted by ERISA's express preemption provision. *See Pilot Life Ins. Co.*, 481 U.S. at 47-48. (holding that plaintiff's state law tort and breach of contract claims for failure to pay benefits under a group insurance policy governed by ERISA related to an ERISA plan, and accordingly plaintiff's claims were preempted by the express preemption provision); *see also Glenn v. Life Ins. Co. of N. Am.*, 240 F.3d 679, 680-81 (8th Cir. 2001) (noting that ERISA preempts breach of contract and vexatious refusal to pay claims seeking unpaid policy proceeds).

Although ERISA's express preemption provision preempts state law claims for breach of contract or vexatious refusal to pay, ERISA does not leave beneficiaries without a remedy to recover benefits under an ERISA plan. ERISA Section 502(a) sets forth a comprehensive civil enforcement scheme to protect the interests of beneficiaries of ERISA plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–09 (2004). Section 502(a) provides "[a] civil action may be brought . . . by a . . . beneficiary . . . to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a). ERISA's comprehensive civil enforcement scheme would "be completely undermined if ERISA-plan . . . beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Aetna Health Inc.*, 542 U.S. at 208-209 (quoting *Pilot Life Ins. Co.*, 481 U.S. at 54). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*, at 209.

Turning to the facts of the case at bar, there is no dispute that the Policy is governed by ERISA because plaintiff concedes that the Plan, under which defendant issued the Policy, is an ERISA plan. (Doc. 11, ¶ 6). This admission is also consistent

with plaintiff's allegations that defendant "sold an Accidental Death Policy to Ashley Industrial Moldings, Inc., to be provided to said Ashley's employees . . .." (Doc. 4, ¶3); *See also Pilot Life Ins. Co.* 481 U.S. at 43 (finding that an employer established an "employee benefit plan" governed by ERISA when it purchased qualifying a group insurance plan from an insurer); 29 U.S.C. §§ 1002-3. Although plaintiff's admission regarding ERISA applying to the Plan is not in the petition itself, the Court will consider the admission without converting defendant's Rule 12(b)(6) motion into a motion for summary judgment because plaintiff's admission is a part of the record of the case. *See Miller*, 688 F.3d at 931 n.3. The Court's consideration of plaintiff's admission is particularly appropriate here because the parties do not dispute that ERISA governs the Policy; they only dispute the legal significance of ERISA's preemption provisions in relation to plaintiff's breach of contract claim. *See Papasan,* 478 U.S. at 269 n.1. Therefore, the Court finds that Plan, and the Policy issued under the Plan, are governed by ERISA.

Having determined that the Policy is governed by ERISA, the Court must determine if plaintiff's breach of contract claim is preempted under either of ERISA's preemption mechanisms. ERISA's express preemption provision, Section 514(a) applies to state law claims that have a connection with or reference to an ERISA plan. *Pilot Life Ins. Co.*, 481 U.S. at 46-47. Plaintiff's petition states that defendant "sold an Accidental Death Policy to Ashley Industrial Moldings, Inc., to be provided to said Ashley's employees, as a benefit of said employees [sic] employment package." (Doc. 4, ¶ 3). Plaintiff asserts that Mr. Lee was an employee of Ashley, Mr. Lee paid premiums to defendant for accidental death benefits, and that plaintiff was Mr. Lee's named beneficiary for accidental death benefits. (Doc. 4, ¶¶ 4-7). Plaintiff incorporates the Policy into the petition. (Docs. 4, ¶ 17; 4-1). Plaintiff's specifically alleges that none

of the limitations contained in the Policy apply, and plaintiff claims that defendant breached the Policy by failing to pay accidental death benefits. (Doc. 4, ¶¶ 21-23).

Plaintiff's breach of contract claim is premised on the existence of an ERISA plan, because the Policy was issued as part of an ERISA plan, and plaintiff's claim for payment from defendant is expressly conditioned on the existence of the Policy. Further, plaintiff's petition references and incorporates the Policy itself, which was issued under an ERISA plan, so plaintiff's breach of contract claim has a connection with and reference to an ERISA plan. *See Pilot Life Ins. Co.*, 481 U.S. at 47; *Howard v. Coventry Health Care, of Iowa, Inc.*, 293 F.3d 442, 446 (8th Cir. 2002). Therefore, the Court finds that plaintiff's breach of contract claim, the only claim set forth in the petition, is preempted under ERISA's express preemption provision.

Plaintiff's breach of claim is also completely preempted by ERISA Section 502(a). Any state-law cause of action that duplicates the remedies available under ERISA's civil enforcement provision is completely preempted by ERISA. *Aetna Health Inc.*, 542 U.S. at 209. Plaintiff alleges that she is a beneficiary under the Policy and seeks the payment of benefits due under the Policy which, as set forth above, is governed by ERISA. (Doc 4.) The Court finds that plaintiff's state-law breach of contract claim seeking benefits under the Policy duplicates the remedies available under ERISA's civil enforcement provision, Section 502(a), and therefore plaintiff's claim is completely preempted. Because ERISA governs the Plan, and the Policy issued under it, and because ERISA both expressly and completely preempts plaintiff's state-law breach of contract claim, the defendant's motion to dismiss (Doc. 9) is **granted.**

### III. Motion to Amend

#### A. *Applicable Law*

Plaintiff may not amend the petition as a matter of course because more than twenty-one days have passed since defendant filed its Rule 12(b)(6) motion to dismiss.

FED. R. CIV. P. 15(a)(1); (Doc. 9) (stating that defendant's motion to dismiss was served on plaintiff via ECF on September 6, 2018). Plaintiff may still amend the petition by the opposing party's written consent, or by the Court's leave which is freely given when justice requires. FED. R. CIV. P. 15(a)(2). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). The Court may deny a motion for leave to amend where it would prejudice the nonmoving party, or where the amendment would be futile. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

### B. Discussion

The Court finds that justice requires allowing plaintiff to amend the petition. Trial in this matter has not yet been scheduled, and the parties have not served discovery, so defendant will not be prejudiced by plaintiff amending her petition. Further, defendant has recognized that plaintiff has, at minimum, a cognizable claim under ERISA's civil enforcement provision. (*See* Docs. 9, at 1 n.1; 15, at 1 n.1) ("Lincoln does not oppose the Court allowing Plaintiff to file a second amended petition that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(b) . . . ."). Therefore, it is not futile to allow plaintiff to amend the petition. Plaintiff's motion to amend, set forth in the alternative in plaintiff's resistance to defendant's motion to dismiss (Doc. 13), is **granted**. Plaintiff may amend the petition within twenty-one days from the date of this Order. If plaintiff does not amend the petition within the time provided, the Court will dismiss this matter without prejudice.

### IV. Motion to Extend

The Court may, for good cause, extend any deadline if a request is made before the deadline expires. FED. R. CIV. P. 6(b). The parties had sixty days from the date of defendant's appearance to file a proposed scheduling order and discovery plan. *See* FED. R. CIV. P. 16(b)(2). Defendant appeared on August 30, 2018, when defendant filed its

Notice of Removal. (Doc. 1). Accordingly, the parties' deadline to file their proposed scheduling order and discovery plan was October 29, 2018. On October 29, 2018, Defendant filed an unopposed motion to extend the time for the parties to file their proposed scheduling order. (Doc. 16). Defendant states that, in light of the parties' disagreement as to whether plaintiff's claim is governed by ERISA, the parties could not agree which scheduling order form use. (*Id.*, at 1-2). The Court finds that defendant filed its unopposed motion to extend before the expiration of the deadline, and good cause exists to extend the parties' deadline to submit their proposed scheduling order and discovery plan. Defendant's Unopposed Motion to Extend the Deadline to Submit a Scheduling Report is **granted**. The parties shall have sixty days from the date of this order to file a scheduling order and discovery plan.

### V. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss Plaintiff's First Amended Petition at Law (Doc. 9) is **granted**, plaintiff's motion to amend, set forth in plaintiff's Resistance to Defendant's Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (Doc. 13), is **granted**, and defendant's Unopposed Motion to Extend the Deadline to Submit a Scheduling Report (Doc. 16) is **granted**. Plaintiff may file an amended petition within twenty-one days of the date of this order. If plaintiff does not file an amended petition within twenty-one days of the date of this order the Court will dismiss this case without prejudice. The parties shall file a scheduling order and discovery plan within sixty days of the date of this order.

**IT IS SO ORDERED** this 31st day of October, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa