**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA LEE, Individually as Executor of the JOHN LEE ESTATE, | | |
| Plaintiff(s), | | No.  6:18-cv-02063-CJW |
| vs. | | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION AT LAW** |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | | |
| Defendant. | | |

Defendant The Lincoln National Life Insurance Company ('Lincoln") files this Answer to Plaintiff's ERISA Complaint (the "Complaint") filed by Plaintiff Vanessa Lee ("Plaintiff") and states as follows:

## PARTIES

A.    Lincoln is without knowledge or information sufficient to form a belief concerning Plaintiff's current residence to admit or deny allegations concerning that matter. Lincoln admits that John Lee ("Decedent") was employed by Ashley Industrial Moldings, Inc. ("Ashley"), and a participant in the Ashley Industrial Moldings, Inc. Group Life Insurance Benefit Plan (the "Plan") and designated Plaintiff as beneficiary for life benefits under the Plan. Lincoln denies all remaining allegations contained in Paragraph A of the Complaint.

B.    Lincoln is without sufficient information to form a belief concerning Decedent's Estate to admit or deny allegations concerning that matter and, accordingly, denies the allegations contained in Paragraph B of the Complaint.

C.       Lincoln admits Lincoln admits that it issued a Group Life Insurance Policy No. 000010132080 (the "Policy") to Ashley, which Policy, at certain times, insured benefits for the Plan.  Lincoln admits that it is authorized to do business in the State of Iowa.  Lincoln denies all remaining allegations contained in Paragraph C of the Complaint.

## JURISDISCTION

D.       Lincoln admits that the Plan is part of an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Lincoln admits this Court has jurisdiction over this action and that venue of this action is proper in this Court. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).    Lincoln  specifically  denies,  however,  that  administrative  remedies  were necessarily  exhausted  by  Plaintiff  regarding  any  specific  claims,  issues,  or  rationales  that Plaintiff  may  have  failed  to  raise  in  support  of  Plaintiff's  claim  or  during  the  administrative review  process.    Lincoln  denies  all  remaining  allegations  contained  in  Paragraph  D  of  the Complaint.

## BACKGROUND

E.       Upon information and belief, Lincoln admits Plaintiff is the widow of Decedent. Lincoln admits Decedent was an employee of Ashley and a participant in the Plan.  Lincoln admits that it issued the Policy to Ashley, which Policy, at certain times, insured benefits for the Plan.  Lincoln denies all remaining allegations contained in Paragraph E of the Complaint.

F.       Lincoln admits Decedent died on July 19, 2015, as a result of an accident near Quasqueton, Iowa, and that Decedent had consumed alcohol prior to the accident.  Lincoln is

**2**

without sufficient information to form a belief concerning Decedent's customs and the family "enjoying the day" to admit or deny allegations concerning those matters and, accordingly, denies these and all remaining allegations contained in Paragraph F of the Complaint.

G.     Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph G of the Complaint.

H.     Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph H of the Complaint.

I.     Lincoln is without sufficient information to form a belief concerning Decedent's Estate to admit or deny allegations concerning that matter. Lincoln admits that Plaintiff submitted a Beneficiary's Statement to Lincoln. To the extent that the allegations contained in Paragraph I of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph I of the Complaint.

J.      Lincoln admits that Plaintiff submitted a Beneficiary's Statement to Lincoln. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).   Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.   Lincoln denies all remaining allegations contained in Paragraph J of the Complaint.

## COUNT 1 - ACTION TO COLLECT ON ACCIDENT DEATH INSURANCE POLICY THAT WAS ISSUED UNDER THE EMPLOYERS ERISA PLAN AT THE TIME OF DEATH OF THE EMPLOYEE, JOHN LEE

1.      Lincoln is without sufficient information to form a belief concerning Decedent's Estate to admit or deny allegations concerning that matter.  Lincoln is without knowledge or information sufficient to form a belief concerning Plaintiff's current residence to admit or deny allegations concerning that matter.   Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits the allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits that it issued the Policy to Ashley, which Policy, at certain times, insured benefits for the Plan.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that Decedent was, at certain times, employed by Ashley.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Lincoln admits that it issued the Policy to Ashley, which Policy, at certain times, insured benefits for the Plan.  Lincoln admits that Decedent was, at certain times, employed by

Ashley, and a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Decedent was, at certain times, employed by Ashley, and a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits the allegations contained in Paragraph 7 of the Complaint.

8. Lincoln is without sufficient information to form a belief concerning Decedent's Estate to admit or deny allegations concerning the Estate, and accordingly, Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln

refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln admits Decedent died on July 19, 2015. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln admits Decedent

died on July 19, 2015. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln admits Decedent died on July 19, 2015. Lincoln admits that Plaintiff submitted a Beneficiary's Statement to Lincoln. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Exhibit A to Plaintiff's Amended Complaint is a copy of the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it issued the Policy to Ashley, which Policy, at certain times, insured benefits for the Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Decedent was an employee of Ashley. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it sent a letter dated July 28, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies all allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies all allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies all allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

**8**

3. The relevant life benefits policy grants discretionary authority to Lincoln to determine eligibility for life benefits under the relevant life benefits policy, and Lincoln did not abuse its discretion is making decisions on Plaintiff's claim for life benefits.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: December 4, 2018          **LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By:    /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

**9**

**LEDERER WESTON CRAIG PLC**

By:  /s/ Brenda K. Wallrichs
Brenda K. Wallrichs  AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA  52406-1927
Phone:  (319) 365-1184
Fax:  (319) 365-1186
E-mail:  bwallrichs@lwclawyers.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2018, I electronically filed the foregoing

with the Clerk of the U.S. District Court for the Northern District of Iowa, Cedar Rapids

Division, using the ECF system which will send notification of such filing to the following

counsel of record:

**Counsel for Plaintiff:**
Larry F. Woods
Email:  lfwoods@trxinc.com

/s/ Iwana Rademaekers
Iwana Rademaekers

**10**