
# Lincoln
## Financial Group®

February 18, 2016

The Lincoln National Life
Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
toll free (800) 423-2765
www.LFG.com

THE LAW OFFICE OF
LARRY WOODS
24 NORTH FREDERICK AVE
OELWEIN IA 50662

RE:   Policy Holder:   Ashley Industrial Molding, Inc
      Policy Number:   000400001000-12077 (Voluntary)
                      000010132080-00000 (Basic)
      Insured:   John E Lee
      Claim Number:   1072315-1127380
      Claimant:   John E Lee

Dear Mr. Woods:

We have completed our review of your client's appeal for Basic and Voluntary Accidental Death benefits under the above referenced policies. Based on the information provided, we have determined that we are unable to approve benefits. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for benefits under the policy issued to Mr. Lee's employer, an individual must satisfy all of the provisions that apply to that coverage. The specific terms, conditions and limitations of the Accidental Death provisions for the Basic coverage include, but are not limited to, the following:

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The Company will pay the benefit listed below, if:
   (1)   an Insured Person sustains an accidental bodily injury while insured under this provision; and
   (2)   that injury directly causes one of the following losses within 365 days after the date of the accident.
The loss must result directly from the injury and from no other causes.

**LIMITATIONS.** Benefits are not payable for any loss to which a contributing cause is:
   (9)   driving a vehicle while intoxicated.

©2016 Lincoln National Corporation

www.LincolnFinancial.com

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.



The specific terms, conditions and limitations of the Accidental Death provisions that apply to the Voluntary coverage include, but are not limited to:

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON**. The Company will pay the benefit listed below, if:
    (1)   you sustain an accidental bodily injury while insured under this provision; and
    (2)   that injury directly causes one of the following losses within 365 days after the date of the accident.
The loss must result directly from the injury and from no other causes.

**LIMITATIONS**. Benefits are not payable for any loss to which a contributing cause is:
    (10)  driving a vehicle while intoxicated.

Both coverages define intoxication as:

"Intoxicated" shall be defined by the jurisdiction where the accident occurs. The exclusion will apply whether or not the driver is convicted.

## Summary of Initial Claim

The information provided in connection with the claim indicates John Lee passed away on 07/19/2015 from blunt force injuries to the head after an ATV crash. Basic Life Insurance benefits totaling $48,000 and Voluntary Life Insurance benefits totaling $20,000 were provided on 08/04/2015.

Unfortunately, Accidental Death benefits under both policies were denied upon receipt of the toxicology results which confirmed Mr. Lee's blood alcohol was twice the legal limit registering at 0.166 BAC. For completed details, please refer to our letter dated 10/23/2015.

## Summary of Appeal

On 12/23/2015, you filed an appeal on behalf of your client, Vanessa Lee, in response to our determination to deny benefits indicating that she disagrees with the description of the injury which is stated to be an "ATV crash". Since this was an open area, there were no objects to crash into. Based on the injuries sustained, the placement of the body in relation to the ATV, and the location of the cigarette that was found, your client felt our conclusion was without merit. You also disputed that an ATV is vehicle; instead you considered it a motorized machine.

A hand drawn diagram, photographs of the accident site, a letter authored by Dr. Anthony Leo and records from Buchanan County Health Center were provided for consideration.

## Appeal Decision

Based on our review of all available information, we are unable to overturn the denial of Basic and Voluntary Accidental Death benefits.

54

Lincoln's policy does not provide a specialized definition for "vehicle" because our definition of the term does not differ from what is described in the dictionary for general purposes. Definitions of the term "vehicle" include:

<u>Merriam-Webster</u>: a means of carrying or transporting something <*planes, trains, and other vehicles*>: as

*a* : <u>motor vehicle</u>

*b* : a piece of mechanized equipment

<u>Wikipedia</u>: A **vehicle** (from <u>Latin</u>: *vehiculum*[11]) is a <u>mobile</u> <u>machine</u> that transports people or <u>cargo</u>. Most often, vehicles are manufactured, such as <u>wagons</u>, <u>bicycles</u>, <u>motor vehicles</u> (<u>motorcycles</u>, <u>cars</u>, <u>trucks</u>, <u>buses</u>), <u>railed vehicles</u> (<u>trains</u>, <u>trams</u>), <u>watercraft</u> (<u>ships</u>, <u>boats</u>), <u>aircraft</u> and <u>spacecraft</u>.[2] Land vehicles are classified broadly by what is used to apply steering and drive forces against the ground: <u>wheeled</u>, <u>tracked</u>, <u>railed</u> or <u>skied</u>. ISO 3833-1977 is the standard, also internationally used in legislation, for road vehicles types, terms and definitions

<u>Dictionary.com</u>: 1. any means in or by which someone travels or something is carried or conveyed; a means of conveyance or transport: *a motor vehicle; space vehicles.*

2. a conveyance moving on wheels, runners, tracks, or the like, as a cart, sled, automobile, or tractor.

We understand your client feels that the ATV her husband was driving does not fit within the purview of the policy exclusion related to driving a vehicle while intoxicated; however, an ATV is defined as a motorized, mobile transportation machine. It carries people, requires steering, and operates on wheels, all of which fits within the generally accepted definitions cited above.

You've expressed concern that we paraphrased Iowa Code Section 321.1(4) in our initial denial without considering Iowa Code Section 3211.1(1); however, our initial denial letter references information available on your states DMV website, not from these code sections. Our review of both Iowa Code Sections mentioned, one referring to All-Terrain Vehicles and the other to Off-Road Vehicles, confirms that both types are considered vehicles that clearly fit within the general definitions mentioned

You indicate your client also disagrees with the description of the injury which was ruled as an "ATV Crash"; however, the medical examiner has not amended the death certificate to reflect Ms. Lee's theory that her husband fell after exiting the ATV. Unfortunately, all available evidence supports the fact that Mr. Lee was driving the ATV and was later found lying next to the vehicle unresponsive. While there were no objects at the site to "crash" into, we feel this term would also apply to the ATV flipping or rolling, which is supported by the new information from Dr. Leo confirming "the headlight was slightly dislodged" and is also supported by your statement that "the light was hanging loose in front". Since the family did not report the incident until after the fact, there is no accident report supporting what they feel is an accurate version of events. In addition, they did not request an autopsy to look into their version (or another reason) that may have contributed to Mr. Lee's passing.

As Dr. Leo states in his letter, neither an autopsy nor a proper forensic accident investigation was undertaken. Without this information being available for us to consider, the facts in this case remain that the state of Iowa concluded Mr. Lee died of blunt force injuries resulting from an ATV Crash. Given that the toxicology results confirm a blood alcohol content well over the legal limit of 0.08 BAC and all evidence points to Mr. Lee driving the All-Terrain Vehicle while intoxicated when the accident occurred; we are unable to provide Basic and Voluntary Accidental Death benefits.

As a reminder, your client has exhausted the first level of appeal. If you disagree with this decision, you may pursue a second and final level of appeal.

You may request a review of your client's denied claim. Such request must be made in writing and submitted to us at the address below within 60 days after you receive this denial notice or by 04/18/2016.

> Risk Services
> The Lincoln National Life Insurance Company
> PO Box 2337
> Omaha, NE 68103
> Fax: 402-361-1460

Please include your reason(s) for appealing and provide any proof documentation, such as office notes, laboratory results, x-rays and any other testing results to support your appeal. We will then provide you with a full written explanation of the decision within 60 days of receipt of your appeal.

Please be sure to include the policy number and claim number. If you wish, you may also submit your comments and views of the issues in writing, and may request copies of the pertinent documents.

If the plan is subject to ERISA, your client and your client's plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local US Department of Labor Office and your State insurance regulatory agency. In addition, once all required reviews of this claim have been completed; you have the right to bring a civil action under applicable law.

Please contact our office with any questions you may have at (800) 423-2765, my extension is 7033.

Sincerely,



Ashley Fults
Appeals Consultant, Claims Support
Group Protection – Claims Shared Services
The Lincoln National Life Insurance Company

56

# LAW OFFICE OF

## *LARRY F. WOODS*

24 NORTH FREDERICK AVENUE
OELWEIN, IOWA 50662
PH. (319) 283-3204   FAX (319) 283-1838
lfwoods@trxinc.com

April 15, 2016

The Lincoln National Life Insurance Company
Attn: Risk Departments
P. O. Box 2337
Omaha, Nebraska 68103

    RE:    Policy Holder: Ashley Industrial Molding,  Inc.
           Policy No:      00400001000-12077
                         000010132080-00000
           Claim Number:  1072315-1127380
           Claimant:     John Lee
           Appeal of denial of accident death benefits

TO WHOM IT MAY CONCERN:

    Pursuant  to the Notice Contained in a ruling issued  on February 18,  2016,  the Claim Number:  1072315-1127380  the Claimant,  John E. Lee, by and through his wife,  Vanessa Lee does  hereby  appeals the decision  contained  therein.   The Claimant  renews each and every of the reasons set  forth  in the  appeal  notice and the letter from my office,  with  the attachments dated February 8, 2016. Also, the original Notice of  Appeal and all allegations and factual information  dated December 19, 2015, are incorporated as a part of this appeal. The report of the only medical examiner to view the scene  of the incident,  Dr.  Anthony Leo is also incorporated by  this reference.

    It  appears  that  the decision is based,  at  least  in significant  part,  that  the injury was "ruled  as  an' ATV Crash'".   Your definitions of the word "Crash"  now seem  to include a "rollover and flipping."  The pictures specifically provided showed that there was no rollover or flipping of the ATV.   There would be some type of markings, paint scrapes or other  indication on the vehicle handles or  elsewhere,  that

such an incident occurred.  There are simply no such markings on the vehicle.  This fact was clearly confirmed by the photos provided as evidence for the last appeal.

As a result of your company's ruling, a request was made to the State of Iowa Medical Examiner's office for all of the records in that office.  As of this date, Vanessa Lee has not yet obtained copies of those records.  If they are received before your company's decision, copies the records obtained will be forwarded to your office.  At this time, Vanessa does not have sufficient records from the medical examiner's office to determine why the terms "ATV Crash" is contained on the death certificate.  Additional medical information is also attempted to be located.  If there is any relevant additional medical information obtained, it will also be provided to your office.

Thank you for your time and attention.  Please confirm that the appeal is timely filed as it is mailed on the date set forth above.  This appeal will be mailed by my office to the Lincoln Office disclosed in the ruling of February 18, 2016.  Also a copy of this letter will be faxed to 402-361-1460 on the 15th day of April, 2016.

Very truly yours,

Larry F. Woods

CC:   Client



July 28, 2016

The Lincoln National Life
Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
toll free (800) 423-2765
www.LFG.com

THE LAW OFFICE OF
LARRY WOODS
24 NORTH FREDERICK AVE
OELWEIN IA 50662

RE:  PolicyHolder:      Ashley Industrial Molding, Inc
     Policy Number:     000400001000-12077
                        000010132080-00000
     Claim Number:      1072315-1127380
     Claimant:          John E Lee

Dear Mr. Woods :

We have completed our review of your appeal for Basic and Voluntary Accidental Death
and Dismemberment. Based on the information provided, we have determined that we
are unable to approve benefits. In our appeal review process, all information previously
submitted as well as any new documentation is used to make a determination.

To be eligible for benefits under the policy issued to the employer, an individual must
satisfy all of the provisions of the policy. The specific terms, conditions and limitations
of the applicable policy provisions for the Accidental Death and Dismemberment
Insurance portion of your employer's plan include, but are not limited to, the following:

## BASIC ACCIDENTAL DEATH & DISMEMBERMENT

### ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The
Company will pay the benefit listed below, if:
  (1)  an Insured Person sustains an accidental bodily injury while insured
       under this provision; and
  (2)  that injury directly causes one of the following losses within 365 days
       after the date of the accident.
The loss must result directly from the injury and from no other causes.

©2016 Lincoln National Corporation

www.LincolnFinancial.com

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

59

intoxicated was a contri██ ██g cause to the accident and M██ ██e's death. For further details regarding this d██ ██, please refer to our letter dated ██3/2015.

## Summary of First Level Of Appeal

On 12/23/2015, you filed an appeal on behalf of your client, Vanessa Lee, in response to our determination to deny benefits. During our review, the state of Iowa concluded that Mr. Lee died of blunt force injuries resulting from an ATV crash while driving the ATV with a blood alcohol level of over the legal limit of 0.08 BAC. For questions regarding this information, please refer to our letter dated 02/18/2016.

## Summary of Second Level Of Appeal

On 04/15/2016, you filed your second and final appeal in response to our determination to uphold our previous decision to deny benefits. In your appeal letter, you indicated that a request was made to the State of Iowa's Medical Examiner's office for all records on file for Mr. Lee. The appeal letter also stated that your client does not have sufficient records to determine why the terms "ATV Crash" is contained on the death certificate. To date, we have not received any additional information to review.

## Second Level Appeal Decision

Based on our review of the information and the reasons indicated in this letter, we are unable to overturn the original denial of benefits.

The policy wording states that benefits are not payable if a contributing cause to the Insured Person's accidental injury is driving a vehicle while intoxicated. Your appeal letter indicated that you did not believe an ATV is considered a vehicle. Dictionary.com indicates that the definition of ATV or "All-Terrain Vehicle" is "a vehicle with treads, wheels, or both, designed to traverse varied, uneven terrain as well as roads." Based on this definition and the definitions included in our previous denial letter dated 02/18/2016, the ATV is considered a vehicle.

The Death Certificate completed by Medical Examiner Dennis Firchou indicates that the Manner of Death for Mr. Lee is "Accident", the Cause of Death is listed as "Blunt Force Injuries of Head" and the description of his injury is "ATV Crash". The toxicology report completed by the University of Iowa Hospitals & Clinics indicates that Mr. Lee's blood alcohol content was 0.166 BAC.



The cause of death is defined as either a disease or injury that starts the chain of events that culminates into the demise of the person. Contributing cause of death is a significant factor and includes pre-existing pathologic conditions or the presence of elevated drugs/medications in the system of the deceased such as alcohol which can impair the CNS and muscular coordination in addition to affecting the ability to operate machinery. Therefore, elevated blood/vitreous ethanol alcohol level is a contributing factor to the demise of Mr. Lee.

In summary, based on the fact that Mr. Lee's death was ruled an accident due to blunt force injuries caused by an ATV crash and he was driving the ATV while over the legal limit of 0.08 BAC, we are unable to overturn the original denial of Basic and Voluntary Accidental Death benefits.

**LIMITATIONS.** Bene~~~~ are not payable for any loss to wh~~~~ a contributing cause is:

(1) intentional self-inflicted injury or self-destruction;
(2) disease, bodily or mental infirmity, or medical or surgical treatment of these;
(3) participation in a riot;
(4) duty as a member of any military, naval or air force;
(5) war or any act of war, declared or undeclared;
(6) participation in the commission of a felony;
(7) voluntary use of drugs; except when prescribed by a Physician;
(8) travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or
(9) driving a vehicle while intoxicated.

"Intoxicated" shall be defined by the jurisdiction where the accident occurs. The exclusion will apply whether or not the driver is convicted.


## VOLUNTARY ACCIDENTAL DEATH & DISMEMBERMENT


### ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE


**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The Company will pay the benefit listed below, if:

(1) you sustain an accidental bodily injury while insured under this provision; and
(2) that injury directly causes one of the following losses within 365 days after the date of the accident.

The loss must result directly from the injury and from no other causes.

**LIMITATIONS.** Benefits are not payable for any loss to which a contributing cause is:

(1) intentional self-inflicted injury or self-destruction, while sane;
(2) disease, bodily or mental infirmity, or medical or surgical treatment of these; except for:
(a) pyogenic infections resulting from an accidental bodily injury; or
(b) the accidental ingestion of contaminated substances;
(3) participation in a riot;
(4) duty as a member of any military, naval or air force;
(5) war or any act of war, declared or undeclared;
(6) participation in the commission of a felony;
(7) voluntary use of drugs; except when prescribed by a Physician;
(8) voluntary inhalation of gas, including carbon monoxide, while sane;
(9) travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or
(10) driving a vehicle while intoxicated.

"Intoxicated" shall be defined by the jurisdiction where the accident occurs. The exclusion will apply whether or not the driver is convicted.


## Summary of Initial Claim Filing

On 07/22/2015, we received the initial Life Insurance claim for John Lee. The Basic Life and Voluntary Life Insurance benefits were paid on 08/04/2015. The Basic and Voluntary Accidental Death & Dismemberment benefits were denied on 10/23/2015 due to the accident report and toxicology reports showing that Mr Lee driving a vehicle while



You have exhausted all rights of appeal for this claim and your client's administrative file is now closed. You have the right to pursue litigation and you may request copies of the pertinent documents.

If your plan is subject to ERISA, you and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency.

Please contact our office with any questions you may have at (800)-423-2765.

Sincerely,

Carla Larimore
Sr Claims Examiner, Claims Professional
The Lincoln National Life Insurance Company

