IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| VANESSA LEE, Individually and as the Executor of the JOHN LEE ESTATE,<br><br>        Plaintiff,<br><br>v..<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>        Defendant, | CASE NO, 6:18-CV-02063-JCW<br><br>**PLAINTIFFS BRIEF AND ARGUMENT IN SUPPORT REVERSAL OF THE ADMINISTRATIVE RULING RESULTING IN AWARD OF BENEFITS FOR ACCIDENTAL DEATH POLICY** |

COMES NOW the Plaintiff, Vanessa Lee, Individually and as Executor of the John Lee Estate, and for brief and Agreement in Support of Reversal of the Administrative Ruling. The Reversal of the Administrative Ruling will result in the Plaintiff being awarded Benefits to the Plaintiff for the benefit due under the Accidental Death Policy.

## PROCEDURAL BACKGROUND

Plaintiff, Vanessa Lee, is the named beneficiary of an accidental death policy and also the Executor of the John Lee Estate. Part of her Husband, John Lee's benefit package through his employer, Ashley Industrial Molding, Inc., (hereinafter Ashley Molding) was an accidental death policy which paid benefits in the event John Lee's death was the result of an accident. The policy was issued by the Defendant, The Lincoln National Life Insurance Company, (hereinafter

Lincoln).  Plaintiff, Vanessa Lee, filed a claim with said Defendant, for benefits.  She was initially denied benefits.  The denial of benefits throughout the entire administrative proceedings were not based on whether or not the cause of death was accidental, but rather on an exclusion contained in the policy.  The exclusion contained in the policy reads as follows: PUT IN EXACT POLICY LANGUAGE.

Plaintiff, Vanessa Lee states that there is not evidence in this record to support the exclusion being found applicable to prevent Vanessa Lee from collecting benefits under the terms of the Accidental Death Policy.  The Plaintiff's cause of action is a simple breach of contract action.  She seeks to collect the benefits from an accidental death life insurance policy.

### FACTUAL BACKGROUND

Plaintiff, Vanessa Lee, was married to John Lee for over 10 years.  During that time, both John Lee and Vanessa Lee held numerous jobs.  The last employment John Lee held was with Ashley Molding.  He was a supervisor who worked for Ashley Molding from XX until his accidental injuries, which resulted in his death.  The injuries occurred on July 15th, 2015.  From those injuries, John died at University of Iowa Hospitals and Clinics on the 19th day of July, 2015.  John died from blunt force trauma to John Lee's head.

Plaintiff, Vanessa Lee, has substantial evidence that the blunt force trauma occurred either as when John Lee dismounted the ATV he was riding, or when he slipped after completing his dismount of the ATV.  In either instance, John fell.  The fall resulted in John striking his head on a hard rock surface where he fell.  There is simply no evidence to support that the blunt force head trauma was a result of John Less Crashing his ATV.

The cause of death listed in the death certificate was "ATV Crash". USE EXACT LANGUAGE There is simply no evidence which can support that statement contained on the death certificate. During the Administrative Proceedings, the Plaintiff attempted to obtain information from the medical examiner who prepared and signed the death certificate. The medical examiner would never respond to any of the inquiries made by the Plaintiff, or anyone on her behalf. Thus, it is impossible to determine how or why the medical examiner would list the cause of death as ATV Crash.

The Plaintiff sets forth the following facts with supporting evidence of the local medical examiner to dispute that John Lee's death was as a result of an ATV crash, and was a result of John either dismounting from the ATV, or a fall after he had left the ATV.

Before setting for the facts supporting that John Lee's accidental death was not caused by the ATV crash, the Plaintiff advises the Court that she admits John Lee was intoxicated at the time of his operating of the ATV. This fact is not in dispute. A test result from John Lee's blood shows a result of 0.166.

There are several facts which do not support that the blunt force head injuries occurred from an ATV crash are as following:

1.     The location of John's ATV when it was found by his step-daughter, Jessica Matthews.

2.     The condition of the ATV when it was found by his step-daughter, Jessica Matthews.

3.     John's location in relation to the ATV when it was found.

4.     The overall topography of the area where John was riding the ATV at the time John sustained the blow to the head that cause the blunt force head trauma.

The first fact that does not support that John sustained the blunt force head trauma injury as a result of an ATV crash is the location of John's ATV.  The area where John was riding, and the rest of the family was located in a gravel pit near their home.  The area was owned by a distant family member, who had granted John and his family permission to ride their ATV's in the area.  The area is wide open.  The only area with any objects to strike is a forested area near where the family had parked their trailer, and were located throughout the period when John was riding the ATV.

Pictures of the location of the ATV when it was discovered were introduced as a part of the administrative proceedings.  Those pictures are part of the Exhibits XX to XX.  A review of the pictures clearly shows that there are not any objects that could have been crashed into by John in the vicinity of where the ATV was located.  For an ATV to crash, it would have had to have something to run into.  There is simply nothing in the area for the ATV to crash into.

The second fact that does not support the conclusion that John's blunt force head trauma injury was caused by an ATV crash is condition of the ATV when it was found by his step-daughter, Jessica Matthews.  The ATV does not show any physical altercation from the condition it was in when John left on his ride on the ATV.  Vanessa Lee provided an Affidavit.  The Affidavit shows that Vanessa Lee saw a few scratches on the ATV.  (CHECK TO SEE ID SHE KNEW IF THE SCRATCHES WERE NEW.)  For there to be any crash where the front end of the ATV ran into anything, such an occurrence would have propelled John Lee into or onto an object that would cause the blunt force head trauma.  For such a crash to occur, physics dictate

that there would probably be substantial physical changes, or at least some physical damage to the ATV.  There simply are not indications of a crash.

Plaintiff also states that John's location in relation to the ATV when both John and the ATV were found does not support that the blunt force injury occurred either as a result of an ATV, or while John was on the ATV.  The ATV was found running as set forth in the Affidavit of Jessica Matthews.  John Lee was alive when found, but unconscious.  He was located face up on the ground.  The front of the ATV was located ahead of John's feet.  John was between 2 and 4 feet to the right of the front of the ATV.  The trunk of John's body was slightly behind the seat of the ATV.  There was no indication that the ATV flipped or gone on its side.  A view of the scene would lead one to conclude that nothing happened to the rider of the vehicle that would have caused him to be physically removed from the vehicle by the actions performed on the ATV.  There were no signs of any crash, whether front end or otherwise.  Rather, it appeared that John had either been totally off the ATV and fell, or fell as he dismounted the ATV.

Finally, the overall topography of the area where John was riding that ATV was open and flat.  The photos that were introduced of the area shows that there were not any trees anywhere near where the ATV stopped.  The entire area, as shown by the photos did not have anything for John to run into that would have been deemed a crash.  The ATV was upright, and there was not any damage to the ATV that showed that the vehicle had traveled other that on its four wheels.  Thus, there was simply nothing for the rider to crash into.

**CONTENTS OF THE POLICY**

**THE LAW**

Plaintiff belives that she has preserved error on the issue of this Court's jurisdiction by her request of this District Court to remand this case to the State Court. When the Defendant placed in part of the agreement that the parties could "Benefits are not payable for any loss to which a contributing cause is … (10) driving a vehicle while intoxicated.", the Defendant waived the statutory provision of the ERISA statute that requires all actions to be brought under the ERISA preemption. There is nothing mandatory in ERISA that makes ERISA as a complete preemption by Congress.

Returning to the applicable law at this stage of proceeding, the Ashley Molding ERISA plan granted that administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan. When the discretionary authority is granted, the Court's review of the administrator's benefit decision is for an abuse of discretion, <u>Loberg vs. Cigna Group Insurance,</u> 8:09CV2 8 0 (District Court of Nebraska), <u>Khoury vs. Group Health Plan, Inc.,</u> 615 F.3rd 946, 952 (8thCir.) 2010). Therefore, the District Court standard of review is abuse of discretion. In applying the deferential abuse of discretion standard of review, a plan administrator's interpretation of the plan will be upheld if reasonable. <u>Conkright v. Frommert,</u> 130 S.Ct., 1640, 1651 (2010). In this case the administrator did not have to interpret the plan. The sole issue was whether the accidental death occurred as a result of an ATV crash. If John Lee's death was cause by an ATV crash, then Plaintiff concedes that she, in either of her capacities, cannot collect the death benefit. However, the administrator's decision must be based on substantial evidence. An unsupported conclusion on a death certificate is not substantial evidence. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to reach a conclusion. (<u>Fletcher Merrit</u>, 250 F.3d at 1179. The Court may not substitute its own weighing of the evidence for that of the plan administrator. <u>Sahulka v. Lucent</u>

Tech., Inc., 206 F.3d 763, 769-770 (8th Cir. 2000). The Court must also consider that in this case, Defendant denied the accidental death claim based on the language of its own policy. In Iowa, the burden of pleading and proving an exclusion or exception in a policy of insurance is placed on the insurer. Carpenter vs. Iowa State Trav. Men's Ass'n., 240 N.W. 639 (Ia 1932); Wilson v. State Farm Mut. Auto Ins. Co., 128 N.W.2d 218 (Iowa 1964). Even with this being an Court's review of the Administrative Proceeding of the insurance company, this law was not intended to changed by the fact that this is a ERISA proceeding.

**AGRUMENT SUPPORTING VANESS LEE'S CLAIM THAT THERE IS NOT SUBSTANTIAL EVIDENCE WHICH SUPPORTS THE ADMINISTRATOR'S DENIAL OF ACCIDENTAL DEATH BENEFITS.**

In accord with the applicable law, there must be an substantial evidence which supports the decision of the administrator. Such evidence does not exist. Under the terms of the policy "Benefits are not payable for any loss to which a contributing cause is … (10) driving a vehicle while intoxicated." The sole basis of the initial denial of the claim was the "per the above policy wording, and the fact John E. Lee was driving the ATV with a BAC level of 0.166 which is over the legal limit of .08 this claim is denied." (Lincoln National's Denial in letter of October 23rd, 2015.)

Vanessa Lee timely appealed the initial decision of October 23rd, 2015. On February 18th, 2016, the Administrator again denied the claim of the Vanessa Lee. Again, the company used the same basis citing he was driving while intoxicated. As a part of the appeal process, the Plaintiff secured a statement from Dr. Anthony Leo, which was submitted. The administrator's decision pulls a very small part of Dr. Leo's finds out of his report. Said findings state, "As Dr.

Leo state in his letter, neither an autopsy nor a property forensic accident investigation was undertaken." However, the remainder of the report and other evidence submitted were not mentioned, and apparently ignored. Dr. Leo went to the site where John Lee was found, and John's step-daughter pointed out where she found John, As a result, Dr. Leo reported, "The site of discovery of the descendent was surveyed personally by me, and it is a large sandy expanse with a flat surface, with no trees, building, fences, or oither obstructions in the area." Further, photos of the area were submitted as a part of the appeal process. Those photos are referred to by this references to confirm that there was no ATV crash. (The Photos are attached to the Appendix to the Brief as Exhibits XX). Further, Dr. Leo's report states "There is no evidence to indicate that the blunt force injuries imparted to the head with resultant diffuse axonal injury, a lethal form of traumatic brain injury, occurred as a result of the decedent sustain those injuries while specifically operating the motor vehicle." Finally, Dr. Leo's report states: "It is my opinion, with a reasonable degree of medical certainty, that there is no evidence to indicate that the injuries were sustained while John Earl Lee was actually operating the motor vehicle."

Further, there is evidence which establishes that there was not an ATV crash. Photographs of the ATV were taken and provided to the administrator, There was only a few small scratches on the ATV. No damage was shown to the ATV which substantiates there was any crash.

Finally, John's location in relation to the ATV further supports tha thte injury John sustained occueerf after he dismounted from the ATV. John was close to the ATV but not on it. The motor was running. There was a drawing submitted in the appeal process by Jessica Matthews, John's step-daughter who found him. The draqwing shows John being off to the side of the ATV. If the ATV had struck something in the front, John would have been over the front

of the vehicle.  If something that happened to John that would have caused the front end of the vehicle to raise up, John would have been off the back of the vehicle.  However, with a four wheel vehicle, the most likely way for John to have ended up where he was found occurred by him voluntarily leaving the vehicle.  Had John been ejected from the ATV, his head would not have been parallel to her vehicle.  The location of his head being parallel to the saddle where he was riding can ne accomplished by him being upright and off the vehicle.  Once John voluntarily dismounted from the vehicle, whether he was intoxicated or not is irrelevant under the terms of the policy.  When John fell after leaving the ATV resulting in a blow to his head, his death is accidental, and does not fall within any of the exceptions of the policy.

Plaintiff wishes to direct the Court's attention to the lack of administrator addressing any of the facts that do not support the language of the "ATV Crash" language contained in the death certificate.  In the initial denial, the Administrator used as a basis the fact that John was intoxicated, and at some point was driving the vehicle.  Such denial of the claim does not have any substantial evidence to justify the conclusion.  This denial of the claim by the administrator does not show any proximate cause relating the fact that John was driving while intoxicated to his death.  Later, when confronted with the fact that the driving while intoxicated must be the proximate cause of the death, the basis of the denial changed.  In the Administrator's decision in the letter of XX, the Administrator changed to the language on the death certificate of 'ATV Crash".  However, when confronted with the facts that there was not any ATV Crash, the Administrator chose to ignore the facts which conclusively show that there was no "ATV Crash".  Plaintiff, Vanessa Lee believes that the law does not allow the Defendant to now try to explain how John Lee's death was a result of an "ATV Crash".  Thus, without such findings of

fact, that Court cannot now either substitute facts that it may believe show an ATV crash, or other explanation of how John died as a result of "Driving a motor vehicle".

Further, the Court should not remand this case to the Administrator for further proceedings. Plaintiff believes that such a remand violates her due process rights, since the entity which stands to benefit from the denial of benefits is one and the same entity which is making the decision on whether benefits should be paid. The portion of the company which made the final decision is called Risk Services. All documents in the final appeal were addressed to Risk Services, with the portion of the address still being directed to the Defendant, The Lincoln National Life Insurance Company. Thus, no independent third party person or entity was ever involved in the decision making process. As a result, the Plaintiff contends that issue preclusion and claim preclusion now prohibit the Defendant from trying to present any evidence new evidence to satisfy the substantial evidentiary standard in this matter.

**CONCLUSION**

John Lee died as a result of a blunt force head trauma, which was accidentally caused by his head striking the ground. There is no evidence that the blunt force head trauma occurred while John Lee was driving an ATV. The facts surrounding where John was located show no ATV crash occurred. Further, the initial reason for Defendants denial of the claim, did not meet the requirement that John Lee was driving a vehicle whiel intoxicated resulting in the injury which caused John Lee's death. The burden is on the insurer to establish the basis for the denial of the benefit. Therefore, since there is no substantial evidence which supports the Lincoln National Insurance Company's denial of the claim, the Court must reverse the decision of the

Administrator, and direct that the accidental insurance benefits for John Lee's accidental death
be paid.

Respectfully submitted,

Larry F. Woods
Attorney At Law
24 North Frederick Avenue
Oelwein, Ia  50662
lfwoods@trxinc.com
Ph. 319-283-3204
ATTORNEY FOR THE PLAINTIFF,
VANESSA LEE, Individually and
as the Executor of the
JOHN LEE ESTATE