
**Lincoln**
Financial Group®

October 23, 2015

The Lincoln National Life
Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
toll free (800) 423-2765
www.LFG.com

VANESSA LEE
605 2ND ST N
QUASQUETON IA 52326

RE:     PolicyHolder:     Ashley Industrial Molding, Inc
        Policy Number:    000400001000-12077
                          000010132080-00000
        Claim Number:     1072315-1127380
        Claimant:         John E Lee

Dear Ms. Lee:

We have completed a full review of the above referenced claim for Accidental Death insurance benefits.  Unfortunately, we are unable to pay the proceeds.

Basic Accidental Death
DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON. The Company will pay the benefit listed below, if:
(1) an Insured Person sustains an accidental bodily injury while insured under this provision; and
(2) that injury directly causes one of the following losses within 365 days after the date of the accident.
The loss must result directly from the injury and from no other causes.

LIMITATIONS. Benefits are not payable for any loss to which a contributing cause is:
(1) intentional self-inflicted injury or self-destruction;
(2) disease, bodily or mental infirmity, or medical or surgical treatment of these;
(3) participation in a riot;
(4) duty as a member of any military, naval or air force;
(5) war or any act of war, declared or undeclared;
(6) participation in the commission of a felony;
(7) voluntary use of drugs; except when prescribed by a Physician;
(8) travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or
(9) driving a vehicle while intoxicated.

Packet: 306180

©2015 Lincoln National Corporation

www.LincolnFinancial.com

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

Voluntary Accidental Death
DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON. The Company will pay the benefit listed below, if:
(1) you sustain an accidental bodily injury while insured under this provision; and
(2) that injury directly causes one of the following losses within 365 days after the date of the accident.
The loss must result directly from the injury and from no other causes.

LIMITATIONS. Benefits are not payable for any loss to which a contributing cause is:
(1) intentional self-inflicted injury or self-destruction, while sane;
(2) disease, bodily or mental infirmity, or medical or surgical treatment of these; except for:
(a) pyogenic infections resulting from an accidental bodily injury; or
(b) the accidental ingestion of contaminated substances;
(3) participation in a riot;
(4) duty as a member of any military, naval or air force;
(5) war or any act of war, declared or undeclared;
(6) participation in the commission of a felony;
(7) voluntary use of drugs; except when prescribed by a Physician;
(8) voluntary inhalation of gas, including carbon monoxide, while sane;
(9) travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight; or
(10) driving a vehicle while intoxicated.

According to the State of Iowa Department of Public Health Certificate of Death received for John E Lee it has listed the cause and manner of death as Blunt Force Injuries of the Head, accidental ATV Crash. The University of Iowa Hospitals & Clinics lab report for John E Lee final result dated 07/12/2015 has a positive Blood Ethanol reading of 166 mg/dL or 0.166 BAC which is over the legal limit of .08. The medical records received from University of Iowa Hospitals & Clinics state the patient John E Lee was reportedly camping and riding an ATV on 07/11/2015, he did not return and on search the family found the patient unconscious lying next to the still running ATV. He was noted to have blood on his face at the time. He was drinking prior to the reported fall, and was thus taken home by his family to recover. When the patient did not effectively recover, the family took the patient to the OSH and he was intubated. The patient was subsequently transported to UIHC for further care. The medical records stated the history was obtained from John E Lee's wife which further state he was camping with family and around 7pm he was found down and unresponsive next to the ATV he was driving. The ATV was running and upright and it appeared that he had collapsed while driving it and fallen to the ground. The Family was able to get him home but he remained unresponsive so they took him to local hospital. The Iowa Department of Natural resources state that all all-terrain vehicles (ATV's) must be legally registered unless the vehicle meets one or more of the following criteria:
The ATV is used for farming or other agricultural purposes or the ATV is owned and used by the United States government or a political subdivision of another state. Per the above policy wording and the fact John E Lee was driving the ATV with a BAC level of 0.166 which is over the legal limit of .08 this claim is being denied.

You or your authorized representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 60 days after you receive this denial notice.

32

# LAW OFFICE OF

## LARRY F. WOODS

**24 NORTH FREDERICK AVENUE**
**OELWEIN, IOWA 50662**
**PH. (319) 283-3204**
**FAX (319) 283-1838**

December 19, 2015

Risk Services
The Lincoln National Life Insurance Company
P. O. Box 2337
Omaha, Nebraska 68103

 RE: Policy Holder: Ashley Industrial Molding, Inc.
  Policy No: 00400001000-12077
     000010132080-00000
  Claim Number: 1072315-1127380
  Claimant: John Lee

TO WHOM IT MAY CONCERN:

My office has been retained by Mrs. John (Vanessa) Lee regarding the denial of her claim for Accidental Death benefits. Your company's denial of claim letter is date October 23, 2015, and was received by Vanessa Lee on October 26, 2015. At this time, Mrs. Lee disagrees with your denial of the claim. This letter should be considered as an appeal of the Lincoln Financial Group's decision denying the accidental death benefits to Vanessa Lee.

At this time, the additional information is provided in support of Vanessa Lee's appeal of the denial of her claim. The information is being provided, and will be supplemented as additional information becomes available.

1. The description of the injury on the death certificate is listed as an ATV crash. Vanessa Lee disagrees with the description of the injury. There are several reasons for the disagreement. In a crash, there is must be some object or thing for the ATV to have crashed into. The ATV was found running. The area it was found running was an open area. The area is a sand pit. There were no solid objects for the vehicle to have crashed into within several hundred feet of where the vehicle and John Lee were found. The general area where the ATV was operated is a totally open

Case 6:18-cv-02063-CJW-MAR Document 27-2 Filed 02/27/19 Page 3 of 7

area. Pictures will be taken and furnished this appeal of the approximate location of the vehicle. Those pictures will show that there is nothing for the vehicle to have crashed into near the location where both John Lee and the vehicle was found.

2. The second reason for the dispute is that the a crash that would cause the blunt force head injuries to John Lee would have had to show some type of significant damage. The only damage to the ATV was that the light was hanging loose in front. It was not broke, and had only a scratch on it. The light is located between the handle bars. The condition of the light strongly indicated that the vehicle came did not come in contact with any type of object that would head trauma.

3. The location of John Lee when he was found also indicates that the blunt force trauma did not come from the ATV striking some object resulting in him hitting his head. John Lee was found lying on the ground with the top of his head at approximately the same latitude as the handle bars on the ATV. His body was about parallel with the ATV, and his feet located parallel to the back of the ATV. John's right leg was not straight, with his foot more toward the step. It appears that John Lee may have been stepping off the vehicle when he slipped and fell. There is no indication that John was thrown from the ATV by striking any object or collapsing. Since the ATV was still running and upright, the ATV did not flip or throw John Lee off from it. A diagram is attached to this letter and made a part of this appeal by this reference.

4. In response to the conclusion contained in the denial of "The ATV was running and upright, and it appeared that he had collapse while driving it and fallen to the ground", Vanessa Lee also believes that there is an important fact not set forth. At the time John Lee was found, he had a cigarette located in or near his hand. John usually drove with a cigarette located in his hand. Vanessa believes that John normally drove with a cigarette in his right hand. However, the cigarette was near his left hand as he was lying on the ground. For the cigarette to in or near his hand, John Lee had to be conscious at the time he got off the

vehicle, and appears to have transferred he cigarette. It appeared to Vanessa Lee that there was some bleeding on John Lee's face and/or head. However, she never found any trace of blood on the ATV. Thus, the conclusion that John Lee collapsed while driving the ATV is without merit.

5. Also, the denial of benefits made the finding that vehicle is an ATV requiring to be registered. The language cited appears to be an attempt to paraphrase Iowa Code Section 321.1(4). However, there is a specific definition of an All Terrain Vehicle contained in Iowa Code Section 321I.1(1). That definition is different. Further, there is a separate chapter on All Terrain Vehicle in the Iowa Code. From your use of this statutory language, I assume that the insurance policy does not contain a definition of the word "vehicle" in it. Vanessa Lee does not believe that the Department of Natural Resources requirement make the vehicle being driven by John Lee as a vehicle within the definition of the policy. (Note: While the terms ATV and All Terrain Vehicle(s) are used in this appeal letter, Vanessa Lee does not concede that the motorized machine driven by John Lee is a vehicle that comes within the purview of the insurance policy exclusion related to "Driving a vehicle while intoxicated")

At this time Vanessa Lee requests that your company provide my office with a copy of the complete insurance policy number 00400001000-12077 000010132080-00000. She also requests that a copy of all of the records relied on by the person or group who made the decision to deny the claim be furnished to my office. She may also have additional information to provide as it become available. She would request until February 8, 2016, to supplement the facts set forth in this appeal letter.

I will be looking forward to obtaining a copy of the policy and a copy of the medical and other records contained in your file regarding this matter. If you have any questions regarding the contents of this letter, this appeal or any other related matter, please contact me. Thank you for your time, and attention. I will be looking forward to obtaining the requested policy and records at your convenience.

Lincoln National Life Insurance Co.
December 19, 2015
Page 4
Claimant:   John E. Lee
Claim No.   1072315-1127380


        Thank you for your time and attention.   Please   confirm
the  date that your office finds that this notice  of  appeal
has been provided to your office.

                        Very truly yours,


                        Larry F. Woods

Enc:  Diagram
CC:  Client
LFW/km

ATV

LIGHT
( )

this

SEAT

Step

#-cigarette

37